EAST TENN., VA. & GA. RAILWAY CO. *v.* HARBUCK.

1. According to the evidence of those witnesses who must have been best acquainted with the actual facts, the railway company made it appear that its agents exercised all ordinary and reasonable care and diligence, and that the killing of plaintiff's husband took place in spite of such observance. The acts of diligence comprehended blowing the whistle, sounding the alarm, applying brakes, and, so soon as it was discovered that the signals given were not

having their natural and ordinary effect, making an effort to stop the train. Any and all material conflict with adverse witnesses may be reconciled upon the theory that the plaintiff's witnesses erroneously attributed all the whistling which they heard to the locomotives which happened to be near by upon the track of the Western & Atlantic railroad. These witnesses could have been mistaken in thinking that the whistling which they heard all came from locomotives on the latter road, but the defendant's witnesses could not possibly have been mistaken in this respect. They knew whether sounds were made by the locomotive of the train of the East Tennessee, Virginia & Georgia railway on which they were traveling; and consequently, without unnecessarily imputing perjury to them, their testimony on that subject could not be disbelieved. The number of witnesses who coincided subtantially in their testimony on this material point, would forbid the adoption of any reasonable theory of collusion by which to account for their evidence; and without either ignorance or collusion on their part, the facts must have been in accordance with their testimony.

2. The verdict was contrary to the evidence, and the court erred in refusing to grant a new trial.

April 24, 1893. Argued at the last term.

Before Judge WESTMORELAND. City court of Atlanta. March term, 1892.

The widow of Harbuck obtained a verdict against the East Tenn., Va. & Ga. Railway Co. for his homicide. The company moved for a new trial on the general grounds among others, and the motion was overruled. Harbuck was a section boss on the Georgia Pacific railway, the track of which was used by defendant's trains. He was walking about the middle of the track, inspecting the same, when he was struck from behind by defendant's passenger-train, running about thirty miles an hour and on schedule time. The point where the casualty occurred was about two miles beyond the city limits of Atlanta, near a private crossing over the railroad. At this point the Western and Atlantic railroad ran parallel to the Georgia Pacific, and freight-trains were passing on the former. The alleged acts of negligence of defendant's servants were, in blowing no whistle and giving no warning of the approach of the

train, in running at an unusual and unlawful speed, in not checking the speed and endeavoring not to strike Harbuck when he was evidently unaware of its approach, and in not keeping proper lookout to see if any one was on the track. It appears that the train was between two and three hundred yards from Harbuck and the men accompanying him when it came in sight, having just rounded a curve. As to the evidence bearing on the alleged negligence, see the first head-note.

DORSEY, BREWSTER & HOWELL, for plaintiff in error.

GLENN & SLATON, *contra.*

BLECKLEY, Chief Justice.

For a long time after the argument this case was held up, considered and reconsidered. After studying the facts maturely and with the utmost solicitude to reach a right result, the members of the court arrived at the unanimous conclusion that the verdict was contrary to the evidence, and that for this reason alone the trial court erred in refusing to grant a new trial. The line of thought which led to this conclusion is indicated in the first head-note.        *Judgment reversed.*