## SIMPSON *et al. v.* PATAPSCO GUANO CO.

*Lumpkin, J.*—1. An undisclosed principal in whose behalf and for whose benefit goods are purchased and used by an agent is liable to the seller for the price of the same.

2. The evidence in the present case showing conclusively that the person to whom the plaintiff's goods were sold and delivered was the defendants' agent, and that the defendants obtained the benefit of these goods, there was no error in refusing to grant a nonsuit or in directing a verdict for the plaintiff.
                      *Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Appeal.    Before Judge Fish.    Stewart superior court. April term, 1895.

The Patapsco Guano Co. sued Misses Mary, Sallie, Eliza and Ocia Simpson upon an account dated March 6th, 1891, for 57 sacks of guano.

Upon the trial on appeal a motion for nonsuit was overruled, and a verdict for the plaintiff directed.

For plaintiff A. T. Fort testified: The account is just, true and unpaid. I sold the goods to W. B. Simpson as agent, in March, 1891, and he afterwards gave his note as agent for them. I have never said anything to the defendants on the subject of guano. My instructions were to take notes and sell to parties who owned the land. So while I did not know then exactly to whom the land belonged, as no will had been offered for probate at that time, I sold and delivered the guano to W. B. Simpson as agent for the parties who did own the land. The guano was bought by W. B. Simpson for the Simpson farm, where the defendants lived.—W. B. Simpson testified for plaintiff: My sisters, the defendants, own the land on which I put the guano. I bought the guano from Fort for myself, and not as agent for defendants, and used it on my crops on defendants' farm. I bought it just as I had always been buying it for myself. I made the contract and got the guano. Defendants never knew anything about it. I never said a word to them about it, and they never knew when I got it. I was never authorized by them to act as their agent to buy this guano, and it was not sold or delivered to either of them. I made the crops, paid the hands, and used it as my own. I never accounted to them for it. I never was authorized by them to act as their agent at any time. The land was given to them by my mother's will. Defendants and I manage just this way: I attend to the making of the crops, and they to the household work. I do as I have always done. Have worked for them all my life. If I make anything they get it; if not, they don't. The fact is they get all I make. I have been living with them on their land since their mother's death, superintended the farm and

attended to all the farming business, purchased the guano every year and sold the crops. If anything was made on the farm they got it, and if nothing was made they got nothing. They owned everything on the farm and got the benefit of the guano I purchased. We never had any special contract or understanding as to how the farm should be conducted, but I have been staying there working the farm as stated for several years, trying to make a living for us all. I have no property of my own.

R. F. *Watts*, for plaintiffs in error.

E. T. *Hickey* and *Battle & Miller*, contra.