SMITH ROOFING AND CONTRACTING CO. *v.* MITCHELL.

Where one gave to another, in payment of a debt, a check upon a bank at which he had on deposit sufficient money to meet the payment of the check, and the payee deposited the check for collection in another bank, which immediately forwarded it to the drawee bank for payment, an entry on its book by the drawee bank charging the amount of its depositor with the amount of the check was equivalent to the payment thereof.   The drawee bank then held the amount of the check as the agent of the payee, and the drawer was discharged from liability on the debt for which the check was given.

Argued June 3,— Decided June 26, 1903.

Foreclosure of lien.    Before Judge Reagan.    Pike superior court.    October 14, 1902. ·

*C. J. Lester*, for plaintiff.

CANDLER, J. · Mitchell gave to the O. A. Smith Roofing and Contracting Company a check on the Barnesville Savings Bank, for the amount of a debt due by him to it.   This check was dated November 21, 1901, and was on that day deposited by the company with the Third National Bank of Atlanta.    The Atlanta bank immediately forwarded the check to the bank in Barnesville, where, on November 22, it was received and marked paid, and the amount of the check charged to the account of the drawer, who had sufficient funds on deposit in the bank to meet the check. Subsequently the canceled check was turned over to Mitchell. On December 4, 1901, an officer of the Barnesville Savings Bank called upon Mitchell and asked him for the check, without stating what he wanted with it.    Mitchell gave it to him; whereupon the check was by the Barnesville Bank protested for non-payment,

returned to the Third National Bank of Atlanta, and by that bank returned to the O. A. Smith Roofing and Contracting Company, to whose order it had been drawn.　On December 4, 1901, the day when it returned the check to Atlanta, the Barnesville bank failed and went into the hands of a receiver.　The O. A. Smith Roofing and Contracting Company, having complied with all the requirements of the law, brought suit to foreclose its materialman's lien for the debt to pay which the check was given.　The defendant pleaded payment.　The case was tried by the court, without a jury, on an agreed statement of facts, the substance of which has been given; and judgment was rendered for the defendant, whereupon the plaintiff excepted.

As will have been gathered from the foregoing, the sole question for our determination is whether the giving of the check by the defendant, the presentation of that check at the bank upon which it was drawn, and the action of the bank in charging the amount of the check to the defendant's account and returning the canceled check to him, constituted such a payment by the defendant of his debt to the plaintiff as will discharge him from liability to it.　When the O. A. Smith Roofing and Contracting Company deposited the check for collection with the Third National Bank of Atlanta, it made that bank its agent for the purpose of collecting the check. The Third National Bank, in its turn, made the Barnesville Savings Bank its agent for the same purpose.　It is not denied that Mitchell had ample funds in the Barnesville Bank to meet the check. The check was canceled, Mitchell's account was duly charged, and the paper turned over to him.　When that was done, Mitchell no longer owed the debt for which his check had been given, for the check had been paid; and the next step in the proper course of the proceedings would have been for the Barnesville bank to send the money called for by the check to the Third National Bank of Atlanta.　It is contended, however, that the defendant, by returning to the officer of the Barnesville bank the canceled check which had been returned to him, placed it in the power of that bank to commit a fraud, and that therefore he should be held liable for the amount of the check.　We can not see the force of this reasoning. The fraud committed by the Barnesville Savings Bank was the failure to remit to the Third National Bank of Atlanta the amount of the check.　The return of the check to the Atlanta bank marked

both "paid" and "protested for non-payment" was not the fraud,—
it was simply an attempt on the part of the Barnesville bank to
conceal the wrong that it had done.   The possession by Mitchell
of the canceled check was merely a receipt,—an evidence of pay-
ment.   It is admitted that Mitchell had a right to the possession
of the check; and it would seem to follow as a logical conclusion
that the fact that the check had been paid is also admitted.

A case very closely in point is *Bailie* v. *Augusta Savings Bank,*
95 *Ga.* 277.   There a check on a bank in Wilmington N. C., was
deposited for collection in a bank in Augusta.   The check was for-
warded promptly to the bank on which it was drawn, and the amount
charged to the account of the drawer on the books of that bank.
A few days thereafter, the drawee bank suspended payment and
went into the hands of a receiver, without having forwarded the
amount of the check to the bank in Augusta.   Suit was brought
against the Augusta bank by the holder of the check, who had de-
posited it for collection, and the trial in the lower court resulted
in favor of the defendant.   The judgment was reversed on writ of
error to this court, where it was held that the Augusta bank "be-
came, in the absence of any express or implied contract to the con-
trary, liable for any neglect of duty whereby the collection of the
check was defeated, whether such neglect arose from the default of
its own officers or from that of its correspondent or agent to whom
it may have sent the check for collection, and in such case it would
be immaterial whether such correspondent or agent was the bank
upon which the check was drawn or another."   We do not, of
course, lose sight of the fact that that was a suit by the indorsee
of the check against the bank with which it had been deposited for
collection, while this is a suit by the payee against the drawer of
the check.   The facts of that case, however, are very similar to
those of the case at bar; and the principle there laid down is di-
rectly applicable as indicating where the liability in the present
case rests.   See also *Comer* v. *Dufour,* 95 *Ga.* 376 ; Oddie *v.* Bank,
45 N. Y. 735.   "A credit given for the amount of a check by the
bank upon which it is drawn is equivalent to, and will be treated
as, a payment of the check.   It is the same as if the money had
been paid over the counter on the check, and then immediately paid
back again to the account or for the use for which the credit is given.
This rule has been applied where the bank held the check for sev-

·eral days, during which the drawer's account was not good, and then, the account becoming good, made the application." 2 Morse on Banks and Banking (3d ed.), § 451. And so, in this case, the entry on the books of the Barnesville Savings Bank, charging the account of its depositor with the amount of the check, was the same as if it had paid the money over its counter to itself as agent for the bank which had sent the check for collection; and the fact that it fraudulently withheld the money from that bank and failed to ·enter the proper credit to its account does not render any less complete the payment by the depositor. That money is now in the hands of the agents of the payee of the check, and the drawer is as completely discharged from any further liability on the debt for which it was given as if he had paid the actual money to one authorized by his creditor to collect it.

*Judgment affirmed. All the Justices concur.*