PINKSTON *v.* CEDAR HILL NURSERY & ORCHARD CO.

A person selling goods to the agent of an undisclosed principal who receives the benefit of the purchase may go directly upon the principal for the price of the goods; and where the consideration of a contract made with a husband who has general authority to manage a farm belonging to his wife reaches her as an accession to her separate estate, and she retains and enjoys it, only slight evidence of the husband's agency in contracting the debt is required, to charge her.

Submitted May 19, — Decided June 15, 1905.

Complaint. Before Judge Littlejohn. Dooly superior court. October 19, 1904.

*J. T. Harrison* and *S. T. Pinkston,* for plaintiff in error.
*T. T. James* and *Graham Forrester,* contra.

FISH, P. J. Suit on an open account was brought, in the county court of Stewart county, by the Cedar Hill Nursery and Orchard Company, for the use of J. W. Shadow, against Mrs. Lula Pinkston, and judgment was rendered in favor of the plaintiff. The defendant sued out a certiorari to the superior court, but it was overruled, and she excepted. The account sued on was for $30.70, the price of certain fruit trees, grape-vines, etc., which an agent of the plaintiff had sold to J. G. Pinkston, the husband of the defendant. She denied that she had ever had any dealings with the plaintiff in person or through any authorized agent, whereas the plaintiff contended she was liable as an undisclosed principal. The agent of the plaintiff testified substantially as follows: In his capacity as salesman he visited Mrs. Pinkston at her home and tried to sell her some roses, trees,

etc. She stated that she did not want to buy any, but said if he would call on her husband at his place of business, he would probably buy some trees, as she had heard her husband say he wanted to buy one hundred peach trees to replant his orchard. Witness got the order for the trees and vines from Pinkston, who gave witness to understand that he wanted to put them on his place near Lumpkin. The sale was made to Pinkston, on his individual account and credit, and not as agent for his wife. Mrs. Pinkston was not known in the transaction, nor was witness informed that the place to which Pinkston referred as his farm really belonged to his wife. The only other witness introduced was Pinkston. He stated that he bought the trees and vines for his own use and on his own account, and not as agent for his wife, but admitted that he "managed her lands as his judgment dictated, and planted them in such ways as he saw proper;" that the trees were planted on the lands of his wife, to which she made no objection; that the trees were an improvement of her place, and that she would get whatever benefit might accrue from them being planted on her lands." The defendant did not offer herself as a witness nor introduce any evidence, but moved for a nonsuit. The question is whether or not a finding that Pinkston really purchased the trees, etc., as agent for his wife, with the intention of planting them on her place, which he managed for her as he saw fit, was warranted by the evidence. The judge of the county court thought so; the judge of the superior court entertained the same opinion; and we are not prepared to hold to the contrary.

The mere fact that Mrs. Pinkston got the benefit of the purchase would not make her liable to the seller. *Hightower* v. *Walker*, 97 *Ga.* 748. Nor could she be held accountable unless her husband acted as her agent in the transaction (*Axson* v. *Belt*, 103 *Ga.* 578), nor even then, if the fact of agency was known to the seller, and the seller extended credit to her agent, not to her. Civil Code, § 3025; *Mitchell* v. *Printup*, 68 *Ga.* 675; *Miller* v. *Watt*, 70 *Ga.* 385. A seller may, however, go directly upon an undisclosed principal (Civil Code, § 3024), provided the principal receives the benefit of the contract made with his agent. *Miller* v. *Watt*, supra; *Mickleberry* v. *O'Neal*, 98 *Ga.* 42. Agency may be shown by evidence no stronger than that adduced on the trial

of the present case. "Where all the consideration of a debt reaches a wife as an accession to her separate estate, and she retains and enjoys it, only slight evidence of the husband's agency in contracting the debt is required to charge her." *Akers* v. *Kirke*, 91 *Ga*. 598. That the husband conceals his right to act for her and leads the seller to believe he owns property belonging to her is an important fact to be considered. *Maddox* v. *Wilson*, Ibid. 40. The agent's insistence that it was his intention to buy on his own account and on his individual credit is by no means conclusive, when the use he makes of the purchase tends to negative such insistence. *Simpson* v. *Patapsco Guano Co.*, 99 *Ga*. 168. See *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga*. 573. In the present case the county judge was authorized to find, from the evidence, that the husband led the agent of the plaintiff company to believe that he was the owner of the orchard which he wished to replant, and upon the faith of his ownership thereof credit was extended to the husband, the wife herself representing to the agent that her husband owned the orchard and desired to buy trees to plant therein, though in point of fact it belonged to her.

In the petition for certiorari, complaint is made that the court admitted testimony of the agent which contradicted the terms of the written contract evidencing the sale to Pinkston. As the county judge states in his answer that no such objection was offered to the testimony on the trial of the case before him, we can not undertake to deal with this complaint.

*Judgment affirmed.* *All the Justices concur, except Simmons, C. J., absent.*