### 11201.   EMPIRE COTTON OIL COMPANY *v.* PENNY.

SMITH, J.   1. In the trial of a case a witness may refresh his memory by referring to a memorandum made by him at the time of the transaction, but after thus refreshing his memory he must testify from his recollection as thus refreshed.   This is true where a court reporter, who had taken down the evidence of a witness in a former trial of the case, testified that he could not, independently of his notes of such testimony, testify as to what the witness had sworn ; and it was not error to refuse to permit him to read to the jury his notes. *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 781, 782 (62 S. E. 533).

2. A transcript of the evidence introduced on a former trial of the same case between the same parties, when properly authenticated, is admissible in evidence on another trial, not only for the purpose of impeaching one of the parties to the case who is a witness, but also for the purpose of proving admissions made by such witness.   The court having admitted such transcript in evidence, it was error to confine the evidence to impeachment alone.   It was a question of fact for the jury to determine whether or not the husband was the agent of his wife in the purchase of the fertilizer included in the account sued on; and the action of the judge in granting a nonsuit was error.

> *Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*
> DECIDED MARCH 18, 1920.

Complaint; from Crisp superior court — Judge Gower.   November 18, 1919.

The Empire Cotton Oil Company sued Mrs. Penny on an account for fertilizer alleged to have been sold and delivered to her in February, April, and May, 1913.   In her answer she denied that the fertilizer was bought by or for her, and alleged that it was furnished to her deceased husband, J. E. Stephens, and that the debt in question was his debt, and not hers.   On the trial the plaintiff offered in evidence, as an admission of the defendant, a transcript of testimony given by her on a former trial, which the official stenographer of the court testified was "a correct statement of what Mrs. Penny testified on that occasion," although he could not, without his notes, remember what she testified, or that she testified.   The court ruled that the witness could refresh

his recollection from the notes and testify from his recollection, but could not read to the jury the notes or the transcript. The transcript itself was admitted in evidence after the defendant had been introduced as a witness for the plaintiff and had testified, the plaintiff then offering the transcript both as an admission of the defendant and for the purpose of impeaching testimony given by her on the pending trial, but the court admitted it for the purpose of impeachment only, and ruled that it could not be used for the purpose of proving anything else. In this former testimony the defendant stated, in substance, that she was formerly the wife of J. E. Stephens, who died in October, 1913; that for ten or twelve years and until his death she and her deceased husband lived together on her farm; that she inherited the farm from her father's estate and the title was in her name; that during these ten or twelve years he managed the farm for her, with her knowledge and without objection from her, making purchases of supplies and fertilizer and looking after the business generally; that she did not know where the fertilizer for the 1913 crop came from until after his death, when Mr. Lashley came out to see her about the debt, at which time she paid the plaintiff $100 on the account for the fertilizer for that year; that the $100 was proceeds of the 1913 crop gathered after the death of Mr. Stephens; and that Mr. Stephens never paid any rent for the farm; also that he managed and looked after that crop and farm for himself and was not her agent. "I suppose the crop of 1913 was his; I had nothing to do with it; it was his crop; he worked it and cultivated it with my permission and consent."

C. H. Jones testified that he was cashier and acting manager for the plaintiff in 1913; that the sum charged in the account sued on was due and the value of the fertilizer was substantially as set forth in the account; that he remembered the shipment of fertilizer to Mr. Stephens and the giving of notes for it; that he could not testify as to whether the plaintiff company knew at that time that the farm referred to belonged to Mrs. Stephens; he did not know it personally; "Mr. Lashley handled the fertilizer sales and passed on the credits, and he made the sale to Mr. Stephens." There was no testimony in addition to that of the witnesses mentioned above. The court granted a nonsuit, and the plaintiff excepted to that judgment and to the rulings stated above.

*J. T. Hill, J. L. Wimberly,* for plaintiff, cited: On admissibility of testimony: 64 *Ga.* 406 (5); 76 *Ga.* 623 (2); 6 *Ga.* 365 (2), 373; 30 *Ga.* 378; 111 *Ga.* 815 (3). As to agency of husband, etc.: 123 *Ga.* 302; Park's Code, § 3596.

*Pearson Ellis,* for defendant, cited: 115 *Ga.* 109; 129 *Ga.* 522 (5); 139 *Ga.* 816 (6); 145 *Ga.* 689; 2 *Ga. App.* 269 (2); 123 *Ga.* 302 (distinguished).