· PALMER, tax-collector, *et al. v.* HARRISON.

Where a tax-collector, after accepting a taxpayer's check on a Sparta bank and delivering to her a receipt for payment of State and county taxes, held the check for six days and then indorsed and deposited it in a Gibson bank, which indorsed and sent it to an Atlanta bank, which indorsed and sent it to the Sparta bank for collection, which (on the ninth day after its date) charged the amount of it to the drawer's account and later delivered it canceled to her, having also mailed to the Atlanta bank a cashier's or exchange check, which remained unpaid because before its collection the Sparta bank failed and discontinued business, the taxpayer was not subject to execution issued by the tax-collector for the amount of the tax so paid.

No. 6093. FEBRUARY 20, 1928.

Injunction. Before Judge Perryman. Glascock superior court. May 21, 1927.

*E. H. Miller* and *B. F. Walker,* for plaintiffs in error.

*J. C. Newsome,* contra.

HILL, J. Mrs. Zilphia Harrison paid her State and county tax for the year 1924 to the tax-collector of Glascock County, by giving him a check on the Sparta Savings Bank. The tax-collector accepted her check and gave her a tax receipt in the regular form.

Taxation, 37 C. J. p. 1164, n. 62.

He held the check from October 21 to October 27, 1924, and on the last-named day deposited it in the Bank of Gibson, for collection. The check was sent by the Bank of Gibson to a bank in Atlanta, and was indorsed by the bank in Atlanta on October 28, 1924, and sent to the Sparta Savings Bank, for payment. The check reached the Sparta Savings Bank October 30, 1924, and the account of Mrs. Zilphia Harrison was charged with the amount of the check, and the canceled check was later delivered to her by the bank. A cashier's check, or exchange, was issued by Sparta Savings Bank, and mailed to the forwarding bank in Atlanta as a remittance for the collection of Mrs. Harrison's check. Before the cashier's or exchange check was collected, the Sparta Savings Bank failed, and discontinued business. The tax-collector did not receive in cash the proceeds of the check. Later he issued a fi. fa. against Mrs. Harrison, and had it levied; whereupon she instituted the present action to enjoin the tax-collector and the sheriff from proceeding with the levy. The judge, to whom the case was submitted, without the intervention of a jury, upon an agreed statement of facts (in substance set out above), overruled a demurrer to the petition, and enjoined the tax-collector and sheriff from further proceeding for the collection of the tax fi. fa. against Mrs. Harrison; to which judgment tax-collector and the sheriff excepted.

The collecting bank was the agent of the tax-collector; and while "taxes are payable in gold and silver, or in the bills of such banks as pay specie promptly" (Civil Code of 1910, § 1013), yet the effect of the transaction in the instant case was to pay the taxes in lawful money; and the court did not err in overruling the demurrer to the petition, and in granting the injunction. See *Smith Roofing Co.* v. *Mitchell,* 117 *Ga.* 772 (45 S. E. 47, 97 Am. St. R. 217); *Pollak* v. *Niall-Herin Co.,* 137 *Ga.* 23 (72 S. E. 415, 35 L. R. A. (N. S.) 13); *Comer* v. *Dufour,* 95 *Ga.* 376 (22 S. E. 543, 30 L. R. A. 300, 5 Am. St. R. 89).

*Judgment affirmed. All the Justices concur.*