WELLS OIL COMPANY, Appellant, v. MARCUS OIL & SUPPLY COMPANY, Appellee.

OCTOBER 23, 1928.

*Tomlinson & Tomlinson,* for appellant.

*T. E. Diamond,* for appellee.

FAVILLE, J.—This cause was submitted on a stipulation of facts, from which it appears that, on or about the 5th day of April, 1921, the appellant sold to the appellee a carload of gasoline, which was shipped to the appellee at Marcus, Iowa. The

appellant drew a sight draft upon the appellee for the amount of the purchase price of said car of gasoline, and this, together with a bill of lading for said shipment, was forwarded, at the appellant's instance, by the Chatsworth Savings Bank, of Chatsworth, Iowa, to the First National Bank of Marcus, Iowa. It is stipulated that the said First National Bank, "as the collecting agent" of the appellant, received said draft and bill of lading, and notified the appellee thereof. At said time, the appellee was a customer of the said First National Bank and a depositor therein, and had money and funds on deposit in said bank in excess of the amount of said sight draft. The appellee called at said bank, and executed and delivered its check for the total amount of said sight draft, drawn upon its account in said bank. Said check was made payable to the said First National Bank, and was received by said bank and duly canceled on said date, and marked "paid;" and the stipulation recites that the bank "paid the same, charged the same against the aforementioned deposit on account of the appellee, and delivered the sight draft and bill of lading to the appellee." Thereafter, and on the same day, the said First National Bank of Marcus drew its draft upon the Security National Bank of Sioux City, Iowa, for the amount of said sight draft, making its said draft payable to the order of the forwarding bank, the Chatsworth Savings Bank, and the same was mailed in due course to the said forwarding bank. The draft cleared through banks in Chicago, before it was presented to the drawee bank, and when it was presented, payment was refused, because of the fact that the said First National Bank of Marcus had closed its doors, the day prior to said presentation. It is stipulated that the First National Bank of Marcus had actual cash in its vaults at Marcus, Iowa, in excess of the amount of said check, with which to pay and meet the same at the time the said check was presented for payment. It is also stipulated that the said First National Bank subsequently closed its doors on the 14th day of April, and was in fact insolvent on all of the days involved in said transaction.

But one question is presented for our determination in this case, and that is whether or not, under the stipulated facts, the appellee made payment for the carload of gasoline. The appellant invokes the general rule that, where one undertakes to collect a money demand, as agent for another, in the absence of

special instructions, the agent has no authority to accept anything but money in payment, and hence there was no payment to the collecting bank. It is to be noticed that in this case there is no question involved in regard to any preference claimed as to any fund in the hands of the receiver of the insolvent bank.

A review of some of our own cases will be of value at this point. In *British & American Mtg. Co. v. Tibballs*, 63 Iowa 468, we considered a case where the plaintiff sent a note and coupon, together with a release of mortgage, by mail to a bank for collection. The letter accompanying same directed that the note, mortgage, and release should be delivered "in exchange for a New York draft, free of exchange," for the money represented by the note. The note and mortgage were presented to the debtor for payment by the cashier of the collecting bank. The debtor paid to the bank a certain portion of the money due in cash, and delivered to the cashier of the bank, as part payment, a demand certificate of deposit issued by the collecting bank, representing money that the debtor had actually deposited in said bank. The bank made no remittance of any of the proceeds, and shortly thereafter suspended payment. The creditor was not advised that the debtor had paid part of the debt by the surrender of the certificate of deposit until after the bank had suspended payment, when it repudiated said transaction, and brought action to recover for the debt. The evidence showed that, on the day on which the transaction occurred, the bank was paying in cash all certificates of deposit which were presented to it, and on that day had on hand cash in excess of the amount of said debtor's certificate of deposit. The plaintiff in said case claimed that the debtor should have presented his certificate of deposit at the bank counter, and had the money counted out to him, and then counted it back to the cashier, to effectuate a payment. In regard thereto, we said: "The law does not require any such vain and unnecessary formality in the transaction of business." There was evidence in the case that the bank was in fact insolvent on the day of the transaction. The evidence, however, did not show that the debtor knew that the bank was insolvent at the time he turned over the certificate of deposit in payment of his debt. We held that the delivery of said certificate of deposit to the collecting bank, under the circumstances shown, where the bank had in its vaults cash in excess of the

amount of said certificate of deposit, and accepted the same in payment, and the notes and mortgages were delivered to the debtor, constituted payment of the debt. A dissenting opinion was filed in said cause by Mr. Justice Reed.

In *Harbach v. Colvin*, 73 Iowa 638, we considered a case where an attorney held a note and mortgage belonging to his client. A junior mortgagor, for the purpose of securing his own claim, desired to pay the amount due on the first mortgage, and procure an assignment. In pursuance of an agreement that this should be done, he accordingly drew his check to the attorney, and delivered the note and mortgage to him. The attorney deposited the check to his own credit in the bank, and the check was paid, on presentation, by the bank on which it was drawn. The attorney converted the money to his own use. As in the case at bar, it was argued that the transaction did not amount to a payment of the debt, for the reason that the attorney had no authority to receive anything but money in payment. We recognized the general rule above stated, and said:

"If, however, he [the agent] receives the money on a check which he has taken in payment, there can be no question that that would amount to payment. If the debt should not be satisfied by the acceptance of the check, it clearly would be by the receipt of the money thereon. Now, while the money was not actually delivered to Creighton [the agent] on the check, what was done was equivalent to that. The bank in which he deposited it gave him credit for the amount, and paid it to him when he chose to draw it out, and the bank upon which the check was drawn paid the amount when the check was presented."

The opinion in this case was written by Mr. Justice Reed.

*Bank of Montreal v. Ingerson,* 105 Iowa 349, is relied upon by appellant. In that case, the plaintiff held certificates of deposit against a bank in Sioux City, which certificates were secured by collateral notes which the Sioux City bank had taken, and which, by their terms, were payable at said bank. A debtor on the notes sought to arrange for payment of the same at the Sioux City bank. The notes were not in the possession of the Sioux City bank at the time for collection, but were held by the plaintiff. No check was given by the debtor, but it was agreed between him and the Sioux City bank that the amount required

for the payment of the notes should be charged to his account in the books of the bank the next day. The bank closed before the entries were made. In the opinion we said:

"It may be said, with some degree of plausibility, in view of the decision in *British & American Mortgage Co. v. Tibballs*, 63 Iowa 468, that the agreement made by the defendant with Skerry [president of the Sioux City bank] would have been effectual to pay the note, had the Sioux City bank been authorized to receive payment at the time the agreement was made, and if it then had the money with which to make the payment * * *."

Appellant lays stress upon the following statement in the opinion in said case:

"Not only was the agreement not carried out, but the notes were payable in money only, and the bank had no right to accept in payment of the notes a claim against itself."

In this connection, we said, however:

"The case of *British & American Mortgage Co. v. Tibballs*, supra, recognized that rule, but held that, as the bank in question in that case was paying all its certificates of deposit at the time it accepted one of its certificates in payment, it would have been a vain and unnecessary thing to draw the money on the certificate from the bank, and then pay it back to the bank."

In *Harrison v. Legore*, 109 Iowa 618, we considered a case where a payment was made by the debtor to the agent of the creditor. The payment was made by the act of the debtor in assigning to the agent a certificate of deposit in a bank and paying the balance in cash. The agent presented the certificate of deposit, and received credit on the books of the bank. We said:

"This was precisely the same as though he had drawn the money, and then deposited it to his credit. If that had been done, it could have been claimed by no one that he had not been paid in money. But such an idle ceremony would have added nothing to the transaction had, which was equivalent to payment in cash."

In *Griffin v. Erskine*, 131 Iowa 444, we considered the ques-

tion of payment to an agent by draft, and recognized the general rule before stated, that, under authority merely to collect, an agent, in the absence of a custom to the contrary, may receive nothing except money in payment; but in said case we also said:

"While the agent may not accept anything but the actual cash in satisfaction of the claim, he may receive a check or draft, negotiable and payable on demand, which he has good reason to believe will be honored upon presentation, as a ready and more convenient means of obtaining the money in conditional satisfaction of the debt. Such payment offers no greater temptations to the agent than payment in cash, to which ordinarily it is equivalent. If honored by the drawee, payment relates back to the time of delivery."

Appellant places reliance upon *Sanitary Can Co. v. National P. & C. Co.*, 191 Iowa 1259. In that case, a carload of cans was shipped, and a sight draft drawn for the amount due therefor, and, with a bill of lading attached, was forwarded to a collecting bank. Upon the face of the sight draft was the provision that it "must be paid in cash or its equivalent." The collecting bank delivered the draft and bill of lading to the consignee, and received therefor said party's check upon the said collecting bank for the full amount due. At that time, the consignee had to its credit on the books of the bank an amount in excess of the amount of the draft; but, at the time the check was given, *the bank was insolvent, and had no funds on hand sufficient to pay the draft*. The defendant was not informed that the check was worthless, or that the bank was in a failing condition. The check was stamped "paid" by the collecting bank, but nothing further was done with it. *It was not charged to the account of the consignee company on the books of the bank, and there was at no time after the check was received sufficient money in the bank to pay it*. The draft expressly required that it should be paid in cash or its equivalent. We recognized the rule formerly announced, that, "while the agent may not accept anything but the actual cash in satisfaction of the claim, he may receive a check or draft, negotiable and payable on demand, which he has good reason to believe will be honored on presentation, as a ready and more convenient means of obtaining the money in conditional

satisfaction of the debt," and that, if the instrument is honored by the drawee, the payment relates back.

We held that, under the facts of that case, the collecting bank knowingly took a worthless check; that the acceptance of the check would be a conditional payment; and that the check was not charged to the account of the drawer thereof, and no conditional credit appeared on the books of the bank. There were no funds in the bank that could be appropriated by the check. The bank was insolvent. The check was worthless, and we held that, under the particular facts shown, its acceptance did not constitute payment.

In *Messenger v. Carroll Tr. & Sav. Bank,* 193 Iowa 608, we considered a case involving a claim for preference in the assets of a collecting bank. In that case, a creditor had drawn a sight draft upon its debtor, and sent the same, with a bill of lading attached, to a collecting bank, with instructions to collect and remit. The draft and bill of lading were presented to the consignee, who drew its check upon its own account in the collecting bank for the payment of the sight draft. It had an account at said time in the bank in excess of the amount of said sight draft. Its check was charged against this account. We said:

"* * * this method of collection was the full equivalent of the payment of money by the Swaney Company [the consignee] * * * We deem it clear that the net result of the transaction of payment by the Swaney Company and the receipt thereof by the collecting bank was the same as though the Swaney Company had drawn the currency into its own hands by means of check, and had thereupon delivered the same to the collecting bank in payment of the sight draft."

In *Andrew v. State Bank of Dexter,* 204 Iowa 565, we also considered a question of preference. In that case it appeared that the forwarding bank sent to the collecting bank a bill of lading and sight draft drawn on the consignee. The sight draft was presented to the debtor, who delivered to the collecting bank in payment thereof his check drawn on said bank for the amount thereof. At said time, he had a deposit in the said collecting bank in excess of the amount of said check. The bank marked the sight draft "paid," and delivered it, with the bill of lading, to the consignee. In that case, however, the check was not can-

celed, or charged on the books of the bank to the account of the drawer thereof, but was retained until the bank was closed. We said in that case that the law of *conditional* payment did not apply, because the check was drawn upon, delivered to, and accepted by the drawee bank, in which there were sufficient valid and permanent funds to enable and demand immediate payment.

In the *Messenger* case and in the *Dexter* case, the question arose on a claim by the drawer of the sight draft to a preferred claim in the hands of the collecting bank, and not between debtor and creditor; but it was recognized in each of said cases that the acceptance of the check of the debtor by the collecting bank, drawn upon itself, where the drawer of the check actually had funds in the bank in excess of the amount of the check, and where the check was stamped "paid," and charged to the account of the drawer thereof, constituted payment by the debtor of his obligation.

Whatever may be the rule in other jurisdictions, we are not now disposed to depart from the one we have heretofore recognized. The same conclusion was reached by the Supreme Court of Mississippi in *Planters' Merc. Co. v. Armour Pack. Co.*, 109 Miss. 470 (69 So. 293), and the authorities are collected in the opinion in that case.

We now hold that, where the creditor sent a sight draft and bill of lading to a collecting bank as its agent, and said collecting bank presented the same to the debtor, and surrendered the same to him, and accepted the debtor's check upon itself in payment of the amount due, and where the said check was canceled by said collecting bank and charged upon its books to the account of the debtor at the time, and where the bank at said time had sufficient cash on hand to pay said check, and where the drawer of said check did not know that the bank was insolvent, payment was made to the collecting bank as agent of the creditor, and the creditor could not thereafter recover from the debtor. The trial court correctly applied this rule to the facts of the instant case, and dismissed the appellant's petition. The ruling was correct, and it must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.