## 20397. LONG et al. v. DYE.

BELL, J. 1. "In a sale of goods, where nothing is said between the parties as to the time of payment of the price, the transaction is understood to be a cash sale. Civil Code (1910), § 4130; 23 R. C. L. 1382 (§ 205); 35 Cyc. 264 (§ 3). In such a case the mere fact that the buyer obtained possession of the goods without payment of the purchase-price does not, as between the vendor and the vendee, operate to pass the title, and trover will lie against him to recover the goods or their equivalent in money." *Morris* v. *Walker Bros. Co.*, 29 *Ga. App.* 476 (2) (116 S. E. 201); *Chafin* v. *Cox*, 39 *Ga. App.* 301 (147 S. E. 154).

2. Where the payee of a check delivered it, for collection, to a bank which in turn sent the check to the drawee bank with instruction to collect and remit to a third bank, and the drawee bank on receipt of the check replied to the forwarding bank that remittance was being made as directed, but where the remittance was not made, and was not intended to be made until the happening of some future contingency to improve the financial condition of the drawee, and the check was never charged to the account of the maker, although he had on deposit sufficient funds to pay the check, and no other entries were made and nothing else was done in regard to the check until after the drawee bank was closed as an insolvent institution; *held*, as between the payee and the maker the check was not paid, and the title to property depending upon its payment remained in the payee and was subject to recovery in an action of trover against the maker.

(a) Under the facts stated, the initial or forwarding bank accepted no draft, credit slip, or other evidence of indebtedness in lieu of the check, and received only an untrue statement that the remittance was being made as directed; nor did the drawee bank ever proceed with the transaction so far as to exercise an agency for the drawer in making payment, and, therefore, the present case is distinguished from those cases in which the draft, check, or credit slip of the drawee bank is accepted by the holder or forwarder, or where, after actually paying the check as the agent of the maker, the drawee bank altogether fails to remit to the party entitled.· *Bailie* v. *Augusta Savings Bank*, 95 *Ga.* 277 (21 S. E. 717, 51 Am. St. 74); *Comer* v. *Dufour*, 95 *Ga.* 376 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89); *Smith Roofing Co.* v. *Mitchell*, 117 *Ga.* 772 (45 S. E. 47, 97 Am. St. R. 217); *Pollak* v. *Niall-Herin Co.*, 137 *Ga.* 23 (72 S. E. 415, 35 L. R. A. (N. S.) 13); *Palmer* v. *Harrison*, 165 *Ga.* 842 (142 S. E. 276; Sanitary Can Co. *v.* National Pickle Co., 191 Iowa, 1259 (184 N. W. 354, 18 A. L. R. 532); Federal Reserve Bank *v.* Malloy, 264 U. S. 160 (44 Sup. Ct. 296, 68 L. ed. 617, 31 A. L. R. 1261); Berg *v.* Federal Reserve Bank, 55 N. D. 406 (213 N. W. 963, 54 A. L. R. 988); Wells Oil Co. *v.* Marcus Oil & Supply Co., 206 Iowa, 1010 (221 N. W. 547, 65 A. L. R. 1145); Davison *v.* Allen, 47 Idaho, 405 (276 Pac. 43, 68 A. L. R. 856); 22 Am. & Eng. Enc. Law (2d ed.), 578; 5 R. C. L. 498; 7 C. J. 681, § 408.

(b) The instant case is also unlike such cases as *Empire Cotton Oil Co.* v. *Sellars*, 18 *Ga. App.* 377 (89 S. E. 454), and *Baldwin's Bank v. Smith*, 215 N. Y. 76 (109 N. E. 138, L. R. A. 1918F, 1089), since in each of these cases there was an express agreement between the drawee bank and the maker, with respect to the particular instrument, to the effect that it would be ·paid and charged to the deposit account of the maker.

(c) Entries made upon the check or upon the books of the bank after the bank had closed and gone into the hands of the superintendent of banks could not change the character of the transaction as to the matter of payment. Exchange Bank *v.* Sutton Bank, 78 Md. 577 (28 Atl. 563, 23 L. R. A. 173); 7 C. J. 625.

3. Applying the above rulings, the evidence demanded the finding, as made, that ·the check had not been paid, and, therefore, in the present inquiry it is immaterial what instructions the court may have given to the jury in regard to that issue.

4. There being competent evidence, admitted without dispute, from which it conclusively appeared that the check had not been paid, it is not cause for a new trial that the court may have improperly admitted certain hearsay testimony relating to that question. *Irwin* v. *Shuford*, 144 *Ga.* 532 (2 *b*) (87 S. E. 674).

5. "Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith, nor, in case of an agent, that he delivers the property to his principal before receiving notice of the claim of the owner. If an agent takes the property of another without his consent and delivers it to the principal, it is a conversion, and trover will lie for the recovery of the property or for damages, as the plaintiff may elect." *Flannery* v. *Harley*, 117 *Ga.* 483, 485 (43 S. E. 765).

6. In a trover suit against husband and wife to recover the value of cattle purchased by the husband, on cash sale, but as to which the title did not pass because the cattle were never paid for, where the evidence showed that as soon as the cattle were resold by the husband the entire proceeds were placed in bank to the credit of his wife, as for money which the husband testified he owed to her for funds which he "had been using for years," and that she did not know about the transaction until after the cattle had been disposed of; and where the wife testified that she supposed the money placed to her credit was for cattle that the husband had purchased with her money; that he had always used her money; that he had formerly been her guardian, and that the money had been transferred from her account to that of her husband, who "had been using it all the way through;" that she was in business with him, in that he used her money and replaced it, that he "drew the money out of the bank, used it, and gave it back to" her; that she never kept any record, and that he had not paid her any profit; that they never had any special way about it, but that if she had any money he used it; that it was hers, and that the particular check was given to her to pay back money which he had borrowed to pay for the cows; that the money was merely loaned to him, and that she was interested in the business with him only to the extent of the money which he had borrowed from her,—the jury were not bound to find that the transaction between the husband and the wife was that of a loan, as contended by them, but were authorized to infer that the husband was engaged in the business of buying and selling cattle as the agent of his wife, using and replacing her money for that purpose, and therefore that she as principal should be held bound for any conversion which may have been committed by the husband in the conduct of such business. *Foster* v. *Jones*, 78 *Ga.* 150 (1 S. E. 275); *Akers* v. *Kirke*, 91 *Ga.* 590 (18 S. E. 366); *Simpson* v. *Patapsco Guano Co.*, 99 *Ga.* 168 (2) (25 S. E. 94); *Pinkston* v. *Cedar Hill Nursery Co.*, 123 *Ga.* 302 (51 S. E. 387); *Hutcheson* v. *May*, 40 *Ga. App.* 746 (1, 5) (151 S. E. 657); Civil Code (1910), § 3569; 30 C. J. 621, § 171.

7. The evidence authorized the verdict as found for the plaintiff against both the husband and the wife, and the court did not err in refusing a new trial as to either party.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

    Decided February 18, 1931.

*Fullbright & Burney,* for plaintiffs in error.
*M. C. Barwick, contra.*