21747. HOUSTON *v.* HUNTER.

DECIDED NOVEMBER 10, 1931.

*W. I. Geer,* for plaintiff in error. *N. L. Stapleton,* contra.

LUKE, J. The exceptions in this case are to a judgment overruling a certiorari and sustaining the verdict and judgment in a justice's court in a suit rendered against the defendant upon an open account for parts and materials furnished for an automobile owned by the defendant. The question involved is simply whether, upon the facts shown upon the trial, the defendant was liable on the account.

In brief, the testimony of the plaintiff was: The items upon the account sued on were all sold to the defendant's husband on credit extended to him, and were charged to him on the plaintiff's books. The automobile for which the parts and materials were intended was in the husband's possession; the husband had said the car was his, and plaintiff thought he owned the car. Long after the indebtedness was created, possibly three years, the plaintiff ascertained that the car was claimed by the defendant, and, thereupon, elected to hold her responsible, instead of her husband.

The defendant, sworn as plaintiff's witness, testified: "Mr. [Houston, defendant's husband] and my children together own the automobile that these parts, repairs, tires, etc., went on that is in this account. I swore in the city court that I owned it. I own the farm that I live on. My husband did not use the car to look after the farm." On cross-examination she testified: "My husband was not my agent. I did not buy any of the items that is on this account on which suit has been brought against me. I did not authorize my husband to buy any of them—did not know that he bought any of them. . . Do not owe any part of the account." The defendant's husband testified: "I owe the account that is sued on myself. She had nothing to do with making that account. She did not know that I bought the goods until one of these duns came in the mail-box. She did not authorize me to buy the goods for her. . ."

From the discussion of the case in the briefs presented by counsel, it would appear that the learned judge of the superior court was of the opinion that the defendant was liable upon the theory that the purchaser of the items (the husband) acted for an undisclosed principal, who was his wife, the defendant, and who received the benefit of the purchases. The case of *Pinkston* v. *Cedar Hill Nursery &c. Co.*, 123 *Ga.* 302 (51 S. E. 387), is cited to sustain this view. The facts of that case, however, are readily dis-

tinguished from those of the case at bar. In that case the wife had knowledge of the anticipated purchase, and, by her statement made to the agent, not only encouraged the sale to her husband, but led the agent to believe that the property upon which, and for the benefit of which, the purchases were used, was that of the husband. In the instant case the uncontroverted evidence is that the defendant had no knowledge of the purchases, either before or after they were made. So far as the record discloses, the defendant in no way approved or ratified the transactions. We are unable to discover in the facts of this case the remotest showing of an agency, express or implied. So far as we can see, the testimony in no wise warrants such an inference. Hence there was no evidence to support the verdict and judgment. *Hightower* v. *Walker*, 97 *Ga.* 748 (25 S. E. 386), is more to the point, in our view.

We hold that the writ of certiorari should have been sustained, the verdict and judgment reversed and set aside, and a judgment rendered in favor of the defendant.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*