23031. EADY, administrator, *v.* JACKSON *et al.*

JENKINS, P. J. 1. Where a director of a bank, having a deposit therein, individually agrees to make a loan to parties in order to pay and cancel the security of a note due by them to a bank in another city, and, in effecting such loan, receives their promissory note and delivers to them his check drawn on his individual deposit, payable to the order of one of the parties, and where the check, after indorsement, is delivered by the makers of the note to the president of the bank and is marked paid, and the amount is deducted by the bank from the lender's deposit, and the proceeds are held by the bank as a cash item for remittance to the

holder of the former note; and where, two days afterwards, the bank holding the money is placed in the hands of the State superintendent of banks and is closed before the proceeds are remitted, these facts will constitute in law a payment of the check and a receipt of the consideration by the makers of the new note, with a vesting of ownership in them to the proceeds of the check held by the bank, unless it be shown: (1) that the lender by agreement undertook the responsibility of paying the money and canceling the old obligation either himself or through the bank as his agent, in addition to merely lending the money, or assumed other duties or obligations sufficient to hold in himself the ownership of the money; or (2) that at the time of the transaction he knew of the insolvency of the bank, and knew that the proceeds of the check would not be available for remittance and payment of the old obligation, as was contemplated in the loan. See *Pollak* v. *Niall-Herin Co.*, 137 *Ga.* 23, 26 (72 S. E. 415, 35 L. R. A. (N. S.) 13); *Smith Roofing Co.* v. *Mitchell*, 117 *Ga.* 772, 774 (45 S. E. 47, 97 Am. St. R. 217); *Palmer* v. *Harrison*, 165 *Ga.* 842, 843 (142 S. E. 276); *Kuniansky* v. *Mobley*, 167 *Ga.* 852 (146 S. E. 898); *Empire Cotton Co.* v. *Sellars*, 18 *Ga. App.* 377 (89 S. E. 454).

(a) Under section 34 of article 19 of the banking act of 1919 (Ga. L. 1919, pp. 135, 206; Michie's Code, § 2366(180)), "when any bank, or any officer, clerk, or agent thereof, receives by mail, express, or otherwise, a check, bill of exchange, order to remit, note, or draft for collection, with request that remittance be made therefor, the charging of such item to the account of the drawer, acceptor, indorser, or maker thereof, or collecting any such item from any bank or other party, and failing to remit therefor . . shall create a lien in favor of the owner of such item on the assets of such bank making the collection, and such lien shall rank with other liens, according to date, and shall attach from the date of the charge, entry, or collection of any such funds." See *Kuniansky* v. *Mobley*, supra. The effect of this law is to give a lien or priority of payment in favor of the owner of the unremitted cash proceeds of a check such as described in the preceding paragraph. Thus, where neither of the exceptions to the rule there stated is supported by evidence to show that the lender assumed other rsponsibilities in the handling of the proceeds of the check, or knew that the proceeds would not be available to meet the purposes of the loan on account of the insolvency of the bank, the facts stated would constitute a payment of the check and vest the payee of the check and makers of the note with the legal title to the proceeds in the bank; and in that event, in a suit by the holder of the note against the makers, the makers, being entitled to such a lien or priority as to the proceeds, would, in maintaining their plea of a failure of consideration, have the burden of showing that they did not and would not receive payment thereunder.

(b) Under the preceding rulings, the testimony for the plaintiff administratrix of the deceased payee, suing on the note given in a loan transaction such as described, and the testimony for the defendant makers of the note, was sufficient to raise issues for the jury under the two exceptions to the rule stated above in the 1st paragraph, and did not demand a verdict for either of the parties. Nor was a finding demanded for

the plaintiff upon the issue as to whether or not the check given for the loan was indorsed by the defendant payee of the check before its delivery to the bank. The admission in the sworn plea by one of the defendants in a former suit (between the holder of the old obligation, which was to be paid and canceled by the note and loan transaction here in question, and two of the three present defendants) that the "defendants . . took said check properly indorsed by Lee Jackson and turned the same over to G. A. Adams, president" of the bank on which the check was drawn, operated as an admission against the defendant making it, but was not conclusive, and was not binding against the other two defendants, and especially the defendant payee of the check, since he was not a party to such former suit. The court therefore did not err in denying a new trial to the plaintiff on the general grounds.

2. There was no error in admitting evidence of one of the three defendants, the payee in the check referred to, that he did not indorse the check, upon the exception that, the payee of the note sued upon in the loan in which the check was given having died, and the suit being brought by his administratrix, such evidence was incompetent because it related to transactions with a deceased person. The admission of such evidence did not contravene section 5858 (1) of the Civil Code (1910), which contains the provision that, where any suit is instituted by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person. The evidence as to the indorsement of the check was not testimony as to a transaction or a communication with the deceased person. The indorsement of the check was an independent act on the part of the payee, which did not constitute a transaction with the drawer or a communication with him. In such a transaction by the payee of the check, the drawer played no part. See *Gomez* v. *Johnson*, 106 *Ga.* 513, 515 (32 S. E. 600), and cit.; *Watkins* v. *Stulb*, 23 *Ga. App.* 181 (8) (98 S. E. 94.).

3. Evidence of one of the defendants that he paid off a fi. fa. issued on the former judgment obtained by the holder of the old obligation, which the bank had failed to pay, was material in support of the plea of failure of consideration as to the note sued upon in the present case. Moreover, the record in the former case was admitted in evidence by consent of both parties.

4. There is no merit in the exceptions taken to instructions of the court that, "if you are satisfied, by a preponderance of the evidence, the defendants in this case cashed the check and received the money on this check, then it would not matter whether their notes were returned to them or not, which it is alleged were hypothecated to another bank and were to be taken by this particular check;" that "the plaintiff contends that the defendants did receive the money;" and that the defendants "deny they endorsed the check, or received anything on it; that is a question of fact for you to decide in this case under the rules of law I have given you in charge," upon the ground that, since the court nowhere informed the jury as to what would in law constitute cashing the check, or payment of the check, or receipt of the amount or money thereon, the jury would naturally have understood that there must have

been an actual payment of the check in cash monies and a receipt thereof, rather than only a constructive and legal payment, in accordance with the principles stated in the 1st paragraph. Under a reasonable interpretation of the language of the court by the average layman, the cashing and payment of the check would mean receiving the benefit of the proceeds, and would not be limited merely to a manual receipt and delivery of the currency into the hands of the payee.

5. The remaining exceptions are controlled by the foregoing rulings, and present no ground for reversal.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 9, 1934. REHEARING DENIED FEBRUARY 23, 1934.

*Hall & Jones,* for plaintiff.

*A. B. Taylor, Boykin & Boykin,* for defendant.