*William H. Trawick, John K. Davis,* and *Arnold, Arnold & Gambrell,* contra.

## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
### *v.* ROWLAND, sheriff, *et al.*

PER CURIAM. 1. The transaction between the sheriff and the attorney for the insurance company did not amount to a payment of the taxes, and the insurance company was not entitled to injunction to restrain enforcement of the tax executions. Civil Code (1910), § 1013. The present case differs on its facts from *Palmer* v. *Harrison,* 165 *Ga.* 842 (142 S. E. 276).

2. But the evidence would have authorized a finding in favor of the insurance company for a breach of the sheriff's bond by acts done under color of office; and the court erred in directing a verdict in favor of the defendants on that issue. Civil Code (1910), § 291 (4); *Citizens Bank of Colquitt* v. *American Surety Co.,* 174 *Ga.* 852 (164 S. E. 817); *Fidelity & Deposit Co.* v. *Smith,* 35 *Ga. App.* 744, 748 (134 S. E. 801).

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*

No. 9453. FEBRUARY 20, 1934.

*Charles E. Baggett* and *Burch & Daley,* for plaintiff.
*J. L. Kent, E. L. Stephens, W. C. Brinson,* and *Rowland & Rowland,* for defendants.

Atkinson, J., dissenting. Under the facts, concerning which there was no conflict of evidence, the judge did not err in directing the verdict. This is especially so in view of the letter of instructions to the attorney and the evidence that he obtained the executions from the tax-collector and procured the entry of the transfers upon the executions which had never been delivered by the tax-collector to the sheriff for enforcement, and who had also obtained the indorsement of the check by the sheriff, all for the purpose of carrying out the letter of instructions. In the circumstances the officers were not guilty of any breach of private or official duty. The loss of the money must be attributed to the plaintiff, who put it in the power of the attorney to perpetrate the wrong. It is immaterial that the sheriff was the only one who in law could transfer the executions and indorse the check. What he did was in accord with the letter of instructions to the attorney, and the officers should not be held responsible for the dereliction or fraud of the attorney.