JENNINGS *vs.* THE NATIONAL BANK OF ATHENS *et al.*

1. The bill of exceptions must plainly specify the decision complained of and the error alleged therein. Where exception was taken to the overruling of a motion for new trial, one ground of which was the admission of certain evidence, but it did not appear that objection was made thereto or on what ground, no question was raised on which this court can pass.

(*a*) Where two deeds were headed respectively with the names of Clarke and Oconee counties, and, in the description of the land conveyed, referred to well known streams passing through those counties, and to other public establishments situated therein, they did not describe the land so vaguely as to be void; at most, the description was only slightly ambiguous, and in such cases it is admissible to resort to parol evidence to explain the ambiguity.

2. Where a person who was indebted to two banks by promissory

notes, with an indorser thereon, at their instance conveyed certain lands to his indorser, one of the deeds reciting the claim of one bank and that the indorser "had undertaken to pay the same," and the other reciting that it was made " to furnish him means to pay the indebtedness," such deeds were not conditional, and there was nothing left in the maker of them subject to levy and sale under a subsequent judgment.  The grantee in such deeds became the trustee of the banks, and they could resort to equity to compel a specific execution of the trust.

(*a.*) Where a surety pays off a *fi. fa.* against his principal and himself and takes a transfer thereof, the debt is extinguished as to him, and he becomes the creditor of the principal; and if he thereafter transfers the *fi. fa.* to another, his transferee has no right to enforce it against his property, but only against the property held by the principal.

(*b.*) Whether the second transfer was fraudulent or not was immaterial, if the transferee was seeking to enforce the *fi. fa.* against the property of the surety.

(*c.*) An entry of *nulla bona* on a *fi. fa.* is one method of showing the insolvency of the judgment debtor, but it is not the only way. Any other legal evidence is equally competent to establish that fact, and any witness who knows the condition of the party may testify to it.

February 24, 1885.


Practice in Supreme Court.  Deeds.  Title.  Description.  Trusts and Trustees.  Principal and Surety.  Executions.  Insolvency.  Before Judge HUTCHINS.  Clarke Superior Court.  November Term, 1884.

Reported in the decision.

JAMES R. LYLE; H. H. CARLTON; E. C. KINNEBREW, for plaintiff in error.

L. & H. COBB; A. J. COBB; GEO. D. THOMAS, for defendants.

HALL, Justice.

The complainants, the Bank of the University and the National Bank of Athens, exhibited their bill in equity against Jefferson Jennings, Henry Jennings and Sarah F.

Jennings and the sheriff of Clarke county, wherein they alleged that, in 1872, Jefferson Jennings borrowed a sum of money from the Bank of the University, and gave his note therefor, with Henry Jennings as endorser. This note was renewed from time to time, and was put in judgment against both maker and endorser at the November term, 1882, of Clarke superior court.

On the 14th of December, 1876, at the suggestion and request of the president of the bank, Jeff. Jennings, the maker, conveyed to Henry Jennings, the endorser, a tract of land in said county. The consideration recited in the deed is " five dollars, and also for and in consideration of the said Henry Jennings having undertaken to pay off two certain notes, one of the value of one thousand dollars, and the other of the value of three hundred dollars, which notes are signed by said Jeff. Jennings and made payable to the order of Henry Jennings, and payable at the Bank of the University, at which bank they have been discounted for the benefit of the said Jefferson Jennings."

At the August term, 1877, of Clarke superior court (and seven months subsequent to the above deed), Hampton, as .executor, obtained a judgment against Jeff. Jennings, as maker, and Henry Jennings, as security, on a note due his testator; subsequently, on 7th of March, 1881, Henry Jennings, the endorser, paid off this execution, and had the same duly transferred to him. Then, on December 10th, 1881, Henry Jennings transferred it to his wife, who is the plaintiff in error. She caused the execution to be levied upon the land conveyed in the above mentioned deed by Jeff. Jennings to Henry Jennings, as the property of Jeff. Jennings.

The bank then requested Henry Jennings to file a claim to the land against his wife's levy, which he refused to do. Then Jeff. Jennings was requested to file a bill and protect the bank, which he refused to do. Whereupon, the bank filed the bill in the record, alleging these facts, and prayed

that Mrs. Jennings be enjoined from proceeding with her *fi. fa.* against the land.

The National Bank of Athens, which had a similar debt (except that it was not in judgment), and a similar deed to another tract of land, joined as a party complainant in the bill.

The bill further alleged that all the defendants, except the sheriff, were insolvent, and one of the deeds exhibited to the bill from Jeff. to Henry Jennings showed on its face that it was made, not only for the indemnity of the latter as surety for the former, but also " to furnish him means to pay said indebtedness." Both deeds were executed cotemporaneously and in pursuance of an understanding with both complainants, who acted conjointly in the matter. Both deeds described the land by metes and bounds, and located them precisely, with the exception that they did not set forth the county in which they were located, though they had at the head thereof the names of Clarke and Oconee counties, respectively, and referred in their body to well known streams passing through these counties and to other public establishments situated therein. In addition to the prayer for injunction hereinbefore mentioned, there was a prayer that the transfer of the *fi. fa.* from Henry Jennings to his wife might be declared void and cancelled so far as it interfered with complainants' rights, and that the land might be sold and the proceeds applied to the satisfaction of complainants' claim according to the terms of the deed, and for such other relief as was equitable.

Upon the hearing of the cause, the jury returned a verdict, finding that the land deeded in trust by Jefferson to Henry Jennings be sold by the sheriff, and if, after satisfying the claims of complainants, there was any left, that it be paid to respondent, Mrs. Sarah F. Jennings. The decree was in accordance with the prayer of the bill, except in so far as it was modified by this finding,

and except as to the cost awarded. Defendant moved for a new trial, upon the following among other grounds:

(1.) That there was error in overruling an *ore tenus* demurrer of defendants to complainant's (the Bank of the University's) bill, because it contained no allegation that its *fi. fa.* had a return of *nulla bona* entered thereon.

(2.) Because there was error in admitting in evidence the deed from Jefferson to Henry Jennings, and in allowing parol evidence to be introduced to explain the consideration thereof, and to show in what county the lands described therein were located.

. (3.) That there was error in charging the jury that the levy of the *fi. fa.* of Mrs. Jennings was illegal, and there could be no sale under it while the title to the land levied on was in Henry Jennings, and in refusing to charge, at the request of her counsel, that no presumption of fraud arose from the transfer of the *fi. fa.* levied, by Henry Jennings to his wife, unless it was proved by complainants that no consideration was paid therefor; and even if the evidence showed that Jennings committed a fraud, it must go further and connect his wife with it. These requests, which are set forth and grouped here, were asked in distinct grounds. Whether they stated correct legal principles need not, in the view we take of this case, be decided. The judge charged the jury that it was immaterial whether there was fraud in the transfer of his right by Henry Jennings to his wife to proceed with the *fi. fa.* against Jefferson Jennings, for she could not levy it on and sell the land so long as the title thereto was in Henry Jennings.

The motion was overruled, and Sarah F Jennings alone excepted thereto, and brings the case to this court by bill of exceptions, alleging that there was error in refusing to order a new trial.

1. It does not appear from the motion for a new trial, or from the bill of exceptions, that the defendants objected to the admission of the deeds from Jefferson to Henry Jennings, either because they failed to describe the lands so

that they could be located, or for any other reason, or that the court below passed upon any such objection. This ground, therefore, makes no issue which we can decide. The law is imperative that the bill of exceptions shall " plainly specify the decision complained of and the alleged error therein." The decisions upon this point are so numerous, and are both so old and recent, and withal all so uniform and unvarying, that it would be mere waste of time to attempt to enumerate or cite them.

These deeds do not, however, describe the land conveyed. so vaguely as to render them void; at most the description is only slightly ambiguous, and in such cases, it is admissible to resort to parol evidence to clear up the ambiguity; had there been no mention of any county or district and number, or no boundaries or monuments, either natural or artificial, in them, then they would have been utterly wanting in anything to enable court or jury to locate them or to identify the land sought to be conveyed. This distinction is clearly drawn in *Brown vs. Moughon*, 70 *Ga.*, 756, to which we refer, as our view of the law, as to the sufficiency of the description to make the deed operative, and also as to introduction of parol evidence to explain and render certain an ambiguous description. That case reviews several of those which preceded it, and upholds some cases that maintained the validity of deeds to lands where the description was less accurate than in the present instance.

In 12 *Ga.*, 431, *Andrews vs. Murphy et al.*, the headnote is, " the description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes identification practicable." In the body of the decision, Judge Nisbet says: " The rule is laid down with sufficient clearness by Judge Marshall in the following words : ' It is undoubtedly essential to the validity of a grant that there should be a thing granted, which must be so described as to be capable of being distinguished from other

things of the same kind. But it is not necessary that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed.' 5 Wheaton, 359. If Lord Mansfield could uphold a deed, when the description only named the quantity of the land, and the persons in whose possession it was, surely we can sustain this deed. 5 Taunton, 207."

As to the admission of parol evidence in such cases, see 20 *Ga.*, 689; 49 *Id.*, 102; 56 *Id.*, 643; 59 *Id.*, 450. It is scarcely necessary to remark that the parol evidence offered to sustain, not to contradict or alter, the recitals in the deed, although not essential to the complainants' case, was unobjectionable, and even if objection had been made to its competency, such objection should have been overruled.

2. The main contention here was over the character of the deeds from Jefferson to Henry Jennings    It is confidently claimed by the counsel for plaintiff in error, that these deeds are conditional, and that it was contemplated by the parties that Jefferson Jennings should, in certain events, have the right to redeem the land thereby conveyed. Without contradicting and disregarding the very terms of these instruments, we cannot so interpret them. We think they were unconditional conveyances, and that no right of redemption was reserved by them; that relating to the claim held by the Bank of the University recites as the consideration therefor that Henry Jennings "had undertaken to pay the same," and that relating to the claim held by the National Bank of Athens sets forth that the conveyance was made " to furnish him means to pay the indebtedness." All the interest which the maker of these deeds had in the land conveyed was thereby divested; there was nothing left in him that was subject to be seized by an execution creditor and which could be sold under such a seizure. The object of the deed was to secure the payment of the debts due by Jefferson Jennings to the complainants, and he sold the land to Henry Jen-

nings that he might be able to raise funds for this purpose.
The complainants not only suggested, but insisted that this
arrangement should be made by their debtors for their
security; they were direct parties to it and relied upon
the property thus conveyed for the satisfaction of their
claims, and the contract being made at their instance and
for their benefit, they had a right to insist upon its per-
formance.  The feoffee, while he relieved himself from lia-
bility to the extent of the value of these lands, at the
same time assumed the duty of seeing that they should
be so managed as to pay the demands of complainants; he
thereby actually and legally became their trustee, and
thus they acquired the right to resort to a court of equity,
not only to enjoin any breach of the trust, but to have its
execution specifically decreed.

When Henry Jennings paid off the judgment afterwards
rendered, and *fi. fa.* issued thereon at the instance of
Hampton, against him, as surety, and Jefferson Jennings,
as principal, this extinguished the debt as against him,
changed his relations to the process, and by virtue of the
transfer thereby effected, made him the creditor and plain-
tiff in the *fi. fa.*, and Jefferson Jennings his debtor and the
sole defendant therein.   Code, §§2167, 2168, 2169.   This
follows from the law independent of the actual assignment
made by the original plaintiff to him as the surety, who
had paid the debt.   Now, when Henry Jennings subse-
quently transferred this execution to his wife, this assign-
ment gave her no right to enforce it against his prop-
erty, but only against the property of the defendant.
The distinct issue then presented to the jury was, whether
she was attempting to enforce this execution against the
property of her assignor, and not against property in which
the defendant therein had any interest, or to which he had
any title; and when this issue was found against her, in
accordance with the testimony in the case, and when it
was further found that her assignor held the property in
trust for the complainants, and that they should be first

paid out of the proceeds of the sale, and if any surplus remained after doing this, it should be . paid to the *fi. fa.* assigned to her, none of the other questions she makes should have been passed upon. She cannot complain that the judge refused her request to charge in relation to the fraud alleged to have existed in the transfer of the execution to her by her husband. The verdict, by a proper intendment, found that it was valid. Neither was there error in overruling her demurrer to the bill, because the insolvency of Henry and Jefferson Jennings was not shown by an entry of *nulla bona* on the execution against them. The issue thus presented was wholly immaterial, if not irrelevant, to the essential points in controversy, and even if it had been relevant and material, we are not prepared to hold that the only way the insolvency of a judgment debtor can be established is by a return of *nulla bona* on the execution issuing therefrom. That this is one mode of showing insolvency is quite true, but it is not the only way in which it can be done; any other legal evidence—such as was introduced in this case— is equally competent to establish that fact; any witness who knows the condition of the party may testify to it. There is no error in the charge, or in any of the rulings and decisions of the court, to which exception has been taken.

Judgment affirmed.