4485.   HOME FERTILIZER AND CHEMICAL COMPANY *v.* DICKERSON.

The evidence demanded a verdict for the plaintiff, for the value of the guano which was the consideration of the note, whether the note was signed by the defendant, or its execution authorized or not, since it showed that she knowingly received the property for which the note was given, and accepted the benefits thereof. This amounted to a ratification of the purchase of the guano, and raised on her part an obligation to pay therefor.

DECIDED JANUARY 22, 1913.

Complaint; from city court of Reidsville—Judge Collins. August 6, 1912.

*Way & Burkhalter,* for plaintiff.

HILL, C. J. This was a suit by the Home Fertilizer & Chemical Company against Mrs. M. M. Dickerson. Verdict and judgment for the defendant were rendered, and a motion for a new trial by the plaintiff was overruled. The original petition was based upon a promissory note. To this note the defendant filed a plea of non est factum. An amendment to the petition (which was allowed without objection) alleged, in substance, that the consideration for

which the note was given was the purchase-price of 6½ tons of guano, sold to the defendant by the plaintiff, and delivered to the husband of the defendant, who was then and there acting as her agent in the purchase of the guano; that this guano was, with the consent and approval of the defendant, placed upon her land and applied to fertilizing the crops raised upon the land during the year for which the note was given and in which the guano was furnished; that all this was done with full knowledge and consent of the defendant, who received the benefit of the guano so used; and that the defendant thus became indebted to the petitioner for the purchase-price of the guano, the consideration of the note, regardless of whether she signed the note herself or authorized its execution. No plea was filed to meet this amendment. On the trial the defendant swore that she did not sign the note and did not authorize her husband or any one else to sign her name to it. She admitted, however, that for the year 1909, through her husband, she bought guano from the plaintiff, to be used on her farm, for which she gave her note, but she denied that she had authorized the execution of the note for the guano furnished during the year 1910. There were in evidence some circumstances going to show that she had actually signed the note in question, but the verdict as to this forecloses that question.

The evidence in support of the amendment to the petition, we think, unquestionably demanded a verdict for the plaintiff, for the value of the guano furnished to the defendant and used on her land, and for which she had gotten full benefit for the year 1910. Her own testimony clearly establishes the right of the plaintiff to recover the value of the guano so furnished, regardless of whether she signed the note or authorized her husband to sign it, or not. On this subject she testified as follows: "I got the guano for the year 1910. I saw the sacks branded 'Home Fertilizer & Chemical Company.' I do not know that the guano used was guano prepared and made by the Home Fertilizer & Chemical Company (the plaintiff), and the guano sued for was used on the place where I live. I suppose I got the benefit of it. I think there were about fourteen loads of corn made there that year. The guano branded 'Home Fertilizer & Chemical Company' was put to the corn. The guano was used to the corn during the year 1910. I don't remember exactly how much cotton was made. I think there was two bales

and a half. It was sea-island cotton. Was worth 25 cents per pound that year. Got a few potatoes that year. I have not paid anything for the guano used for the year 1910. I got the benefit of the guano used that year to make a crop with. I sold and got the proceeds of the cotton. I used the proceeds of the cotton for the year 1910 for a year's support to live on." The evidence showed that her husband died during the year, and that a year's support was set aside for her and for her minor children out of the crop for that year, raised on the land where the guano bought from the plaintiff had been used for the purpose of making that crop. There was no evidence that any other guano had been bought or had been used on the defendant's place, and the evidence is uncontroverted that the guano which the plaintiff sold to the defendant and which was delivered to her husband for her was in fact used and applied for her benefit, with her knowledge, and that she and her minor children received the full benefit of the guano, which was the consideration of the note. It therefore seems to be clear that she would be liable for the value of this guano, wholly regardless of whether she made the note or authorized it to be made for her. Ordinarily, where one receives property and accepts the benefits thereof, there arises an implied obligation to pay the purchase-price. Civil Code (1910), § 5513. And we think this principle, which is founded in equity and good conscience, is applicable even to the case of a married woman. In the present case the defendant's own testimony proves that she received the guano from the plaintiff; that it was applied to crops raised for her benefit; that she got the full benefit of the guano, in that she got the full benefit of the crops made by the guano, and that these crops she had had set apart to her and her minor children as a year's support. The law, therefore, raised an obligation on her part to pay the price of this guano; not only a moral, but a legal obligation. 15 Am. & Eng. Enc. Law (2d ed.), 1078).                    *Judgment reversed.*