## 9453. DILLON *v.* PATTERSON.

BROYLES, P. J. This suit was for a balance alleged to be due on the purchase price of an automobile. The defendant filed no plea of total or partial failure of consideration, but merely denied liability. In the alleged purchase he was represented by his son. The car was sold in Atlanta for $550, and was delivered to the son, who then signed his father's name to a check for $300, which he gave to the plaintiff, and drove the car to his father's home in Pickens county. The plaintiff subsequently cashed this check and received the money on it. The defendant testified that his son had no authority to buy the car for him or to sign his name to the check, and that when the car was brought to his home in Pickens county he (the defendant) repudiated the contract, and, as soon as the condition of the roads permitted, had his son to drive the car back to the plaintiff in Atlanta; that the plaintiff refused to rescind the trade, but told the defendant's son that if he would store the car in a certain garage in Atlanta he (the plaintiff) would sell it for him. Accordingly the car was so stored, where it remained for some time, but the plaintiff failed to sell it. Subsequently the defendant paid the storage bill to the garage company and removed the car to his home in Pickens county, where he kept it for some length of time, and it was used occasionally by members of his family. The defendant finally, *without any notice to the plaintiff,* sold the car to another motor company in exchange for one of its cars. *Held:* The defendant by his conduct ratified the act of his son in the purchase of the car and made himself liable for the balance of the purchase-price, and, under the evidence and the pleadings, was not entitled to a verdict in his favor. See sections 3591 and 3593 of the Civil Code of 1910; *Merchants Bank of Macon* v. *Central Bank of Georgia,* 1 *Ga.* 418; *Haney School Furniture Co.* v. *Hightower Baptist Institute,* 113 *Ga.* 289 (38 S. E. 761); *Home Fertilizer &c. Co.* v. *Dickerson,* 12 *Ga. App.* 149 (76 S. E. 1040); *Swearingen* v. *Virginia-Carolina Chemical Co.,* 19 *Ga. App.* 658 (91 S. E. 1050). The verdict in favor of the defendant was therefore contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED APRIL 11, 1918.

Complaint; from Pickens superior court—Judge Morris. November 2, 1917.

*B. L. Smith, Thomas A. Brown,* for plaintiff.

*F. C. & Howard Tate, E. H. Clay, William Butt,* for defendant.