*James R. Thomas & Son,* for defendant.

---

14082. BEACHAM *v.* COE-MORTIMER COMPANY.

BELL, J. 1. " If an agent fails to disclose his principal, yet, when discovered, the person dealing with the agent may go directly upon the principal, under the contract, unless the principal shall have previously accounted and settled with the agent." Civil Code (1910), § 3596.

2. " It is the right of one who deals with an agent, who fails to disclose his principal, to proceed against the principal when discovered. [Civil

Code of 1910, § 3596.] This right is not dependent on the diligence of the plaintiff in discovering the fact of the concealed agency." *Baldwin v. Garrett,* 111 *Ga.* 876 (1) (36 S. E. 966).

3. " An undisclosed principal is bound by executory simple contracts made by [his] agent, and by acts done by the agent in relation thereto, within the scope of his authority and in the course of his employment, although the contract purports to be the individual contract of the agent, and although the third person had previously refused to enter into contractual relations with the principal." 2 C. J. 840, 522.

4. If there was in fact no agency, or if the agency existed, but the undisclosed principal had " previously accounted and settled with the agent," the plaintiff was not authorized to " go directly upon the principal." *Price-Evans Co.* v. *Southern Bell Telephone Co.,* 19 *Ga. App.* 264 (1) (91 S. E. 283).

5. This was an action upon an open account against B., as an alleged undisclosed principal, for the purchase-price of goods sold and delivered to S., the alleged agent. The plaintiff at first had taken the note of the former, and this was renewed. The renewal note was signed in the names of S. and B. by S., and indorsed by S. The plaintiff had brought and dismissed a suit against S. and B. as an alleged partnership, upon the renewal note, prior to the present action, which comes here upon exceptions of the defendant to a directed verdict in favor of the plaintiff. B. contends that he purchased the goods from S. and paid therefor by the extinguishment of a note which he held against S., at the time of the purchase; that he had no knowledge of the giving of the note to the plaintiff by S., or of the giving of the renewal; that S was his vendor, and not his agent. *Held:*

(a) The verdict for the plaintiff was not demanded by the evidence, and it was error to direct it. Whether the agency existed, and whether, if it did, the alleged principal had not " accounted and settled with the alleged agent " before the election of the plaintiff to " go directly upon the " defendant, were, under the evidence, questions of fact which should have been submitted to the jury.

(b) There is no evidence in the record to show that at the time of taking the note of S., or later when bringing the suit against S. and B., the plaintiff had any knowledge of the facts upon which it now contends that B. was an undisclosed principal in the purchase, and, under the record as now presented, the plaintiff is not estopped.

(c) The provision of the Civil Code, § 3597, that " if the credit is given to the agent by the choice of the seller, he can not afterward demand payment of the principal," does not apply so long as the principal is undisclosed.

(d) A verdict was not demanded for either party. If upon another trial the evidence be the same, the case should go to the jury upon the issues stated in paragraph 4 above. It does not appear in the present record whether the notes originally taken for the account were under seal or not. What, therefore, would be the effect of that fact, if established, is a question which is clearly not presented for decision at this time. On this question see *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686 (3) (51 S. E.

582, 3 Ann. Cas. 978); *Coaling Coal & Coke Co.* v. *Howard,* 130 *Ga.* 807 (2) (61 S. E. 987); *Gill* v. *A., B. & A. Ry Co.,* 24 *Ga. App.* 780 (1).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from Laurens superior court — Judge Kent. September 16, 1922.

*Adams, Camp & Youmans,* for plaintiff in error.

*Larsen & Crockett,* contra.