19024. YARBROUGH v. STUCKEY *el al.*

BELL, J. This case is controlled by the decision in the companion case of *Yarbrough* v. *Stuckey,* ante, 265.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED FEBRUARY 7, 1929. REHEARING DENIED MARCH 2, 1929.

19084. SHEFFIELD v. SHEFFIELD.

BELL, J. In a suit on notes executed by a married woman, to which she pleaded that the notes were given for a debt of her husband and were without other consideration, where the evidence authorized the inference that the notes were given to cover an account for supplies sold by the plaintiff to the defendant's husband upon his own credit and responsibility, notwithstanding the supplies may have been used by the husband in the operation of a farm on land of the wife, it was error to instruct the jury in such language as to imply that if the notes were given for supplies obtained by the husband for the wife's benefit, and if the consideration thereof reached the wife in her separate estate, the notes would be binding upon her, although given for an obligation of the husband. While it is true that, where the consideration of a contract made with a husband reaches the wife as an accession to her estate and she retains and enjoys it, slight evidence may be sufficient to establish the husband's agency in contracting the debt, yet if the debt was in fact the debt of the husband, the wife would not be liable, although the consideration may have gone as a benefit to the wife and may have added to her separate estate. *Pinkston* v. *Cedar Hill Co.,* 123 *Ga.* 302 (51 S. E. 387); *Herrington* v. *Garlick,* 27 *Ga. App.* 368 (1) (108 S. E. 304); *Smith* v. *Marbut-Williams Lumber Co.,* 37 *Ga. App.* 239 (2) (139 S. E. 590); *Brazell* v. *Hearn,* 33 *Ga. App.* 490 (4) (127 S. E. 479). Grounds 2 and 3 of the motion for a new trial were well taken, and the motion should have been granted.

Judgment reversed. Jenkins, P. J, and Stephens, J., concur.

DECIDED FEBRUARY 7, 1929.

*W. I. Geer,* for plaintiff in error. *P. D. Rich,* contra.

19078. SHEFFIELD v. SHEFFIELD.

BELL, J. This case is controlled by the decision this day rendered in the companion case of *Sheffield* v. *Sheffield,* ante.

Judgment reversed. Jenkins, P. J., and Stephens, J., concur.

DECIDED FEBRUARY 7, 1929.

*W. I. Geer,* for plaintiff in error.  *P. D. Rich,* contra.

19079. SIMMONS *v.* BENNETT; superintendent of banks.

DECIDED FEBRUARY 7, 1929.

*C. C. Crockett,* for plaintiff in error.  *M. H. Blackshear,* contra.

JENKINS, P. J. 1. In the former adjudication in this case (*Bennett* v. *Simmons,* 30 *Ga. App.* 529 (2), 118 S. E. 493) it was held by this court that where, in an action by the superintendent of banks against a surety on a promissory note payable to a bank whose assets and business have been taken possession of by the superintendent under the act of August 16, 1919, the surety pleads that he is discharged by a refusal of a tender and demand allowable under the Civil Code, § 3545, made during such possession of the bank by the superintendent, the burden is upon the surety to prove that the tender and demand were made either to the superintendent of banks or to one duly authorized by him, as provided in the act, to make collections for the bank. In that decision it was held that the evidence submitted on the trial then under review did not demand or even authorize the verdict directed in favor of the defendant, for the reason that the person to whom the tender was alleged to have been made had not been shown to be a person authorized by the superintendent of banks to make collections for the bank. On the second trial, a verdict was directed in favor of the plaintiff, and the defendant excepted. The evidence is sub-