## 19987. HALL *v.* COLLINS.

BELL, J. 1. Where the consideration of a contract made with a husband reaches the wife as an accession to her separate estate, and she retains and enjoys it, as building materials used in the construction of a building upon her lands, slight evidence will be sufficient to establish the husband's agency in contracting the debt as an obligation against the wife. *Pinkston* v. *Cedar Hill Nursery &c. Co.,* 123 *Ga.* 302 (51 S. E. 387); *Sheffield* v. *Sheffield,* 39 *Ga. App.* 271 (146 S. E. 655), and cit.

2. In this suit on account against a married woman, to recover the alleged purchase-price of building materials, where there was evidence to show that the defendant and her husband discussed the matter of the construction of a house upon her land before any materials were bought, that the wife consented to the building of such house, and thereafter knew that the husband was buying from the plaintiff certain materials to be used therein, while the wife in her own behalf purchased other materials from other parties; that the husband in making the purchase

from the plaintiff claimed and purported to be acting as the agent of his wife, informing the plaintiff that the lot upon which the house was to be erected was her property; and that after the furnishing of the materials the wife promised the plaintiff that she would give her note for the debt or would place a loan upon the property for the purpose of raising money with which her husband could pay it, a finding in favor of the plaintiff and against the defendant wife as the real debtor was not without evidence to support it, and can not be set aside by this court as being unauthorized as a matter of law.

3. This case is distinguished from *Cornelia Planing-Mill Co.* v. *Wilcox*, 129 *Ga.* 522 (5) (59 S. E. 223). In that case there was no evidence that the husband purported to act as the agent of the wife in making the purchase, or that the wife subsequently indicated any ratification or approval of the transaction by him.

4. The appellate division of the municipal court did not err in affirming the judgment of the trial judge refusing a new trial, and the superior court properly dismissed the certiorari.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED SEPTEMBER 6, 1930.

*W. C. Munday,* for plaintiff in error. *H. C. Holbrook,* contra.

STEPHENS, J., dissenting. The plaintiff seeks to recover of the wife for the purchase-price of lumber which the plaintiff had furnished to the husband and which went upon the wife's land. The plaintiff must recover upon the theory that the debt was that of the wife through the husband as her agent, and that she either authorized the husband to act for her in purchasing the material of that she afterwards ratified the transaction. The plaintiff must recover on his own testimony; and where this testimony is vague and equivocal, it must be taken most strongly against him. Nowhere does it appear from the evidence that the material furnished was charged to the defendant. The account sued on, which is attached to the petition, appears to be charged to the husband and not to the defendant. The evidence is conclusive that the plaintiff, in furnishing the material dealt with the husband and not with the wife. The plaintiff in his testimony refers to his "contract with Mr. Hall," that the husband "owed me all that money, and yet I was willing to credit him for this last load."

I am of the opinion that the evidence is insufficient to authorize the jury to find that the plaintiff contracted with the defendant through her husband as agent, or that she is liable for the debt upon the theory of ratification. Construing the plaintiff's testi-

750

mony most strongly against him, it must be taken as establishing the contract between him and the defendant's husband, and that the credit was extended to the husband and not to the wife. I am of the opinion that the court erred in not sustaining the defendant's certiorari.