20634. ÆTNA INSURANCE COMPANY *v.* TRIMMIER *et al.*

BELL, J.   1. The testimony of a party is to be construed most strongly against him when it is vague, equivocal, or self-contradictory.  *Western & Atlantic R. Co.* v. *Evans*, 96 *Ga.* 481 (23 S. E. 494) ; *Shepard* v. *Chappell*, 29 *Ga. App.* 6 (2) (113 S. E. 23) ; *Gardner* v. *Smith*, 39 *Ga. App.* 224 (4) (146 S. E. 648) ; *Clark* v. *Western & Atlantic Railroad*, 41 *Ga. App.* 317 (4) (152 S. E. 847) ; and compare *Georgia Casualty Co.* v. *Jones*, 156 *Ga.* 664, 666 (119 S. E. 721).

2. The testimony of a witness that a certain thing is true according to his best recollection necessarily carries the implication that the witness has a recollection and knowledge upon the subject. *Davis* v. *State*, 7 *Ga. App.* 680 (4) (67 S. E. 839) ; *Stewart* v. *State*, 37 *Ga. App.* 386 (2) (140 S. E. 415), and cit.

3. Where a suit upon a fire-insurance policy was defended upon the ground that the property, a dwelling house, was left vacated and unoccupied for a period of ten days, contrary to a stipulation in the policy, the following testimony by one of the plaintiffs (the suit being in the name of a partnership), was sufficient to establish, prima facie, the defense pleaded, and, in the absence of other testimony upon the subject, to demand a finding in favor of such defense: "Mr. Turner was the last tenant I had there. I do not know when he moved out. . . He wasn't living there at the time of the fire, and my understanding is that he moved out. As to about how long he had been out, I couldn't tell you to save my life. I thought at the time it was about two or three weeks, but 1 am not positive about any of those dates. I did not keep any dates of it, and I don't want to go on record as swearing to any dates. My best recollection is that Mr. Turner, my last tenant, moved out two or three weeks prior to the fire—that's the way I have it in my mind, but I don't know it—I wouldn't be positive about that." Cf. *Bussey* v. *Grantham*, 23 *Ga. App.* 708 (2) (99 S. E. 236) ; *May* v. *Globe & Rutgers Fire Ins. Co.*, 23 *Ga. App.* 798 (99 S. E. 631). The refusal of the witness to testify as to "dates," or to testify "positively" as to the period of the vacancy, was insufficient, without more, to make an issue as to whether it was true, as stated to the best of his recollection, that the tenant moved out two or three weeks prior to the fire; and since the evidence for the plaintiff demanded a finding in favor of the defense, it is immaterial that the defendant may have had the burden of proof as to such issue.  *Morris* v. *Imperial Ins. Co.*, 106 *Ga.* 461 (32 S. E. 595) ; *Lamb* v. *Empire Life Ins. Co.*, 143 *Ga.* 180 (84 S. E. 439) ; *Scott* v. *Life & Casualty Ins. Co.*, 34 *Ga. App.* 479 (3) (129 S. E. 903).

4. On application of the above rulings, the verdict for the plaintiff was contrary to the evidence and unauthorized, and the court erred in refusing a new trial.

                     *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

                                             DECIDED FEBRUARY 18, 1931.

*Spalding, MacDougald & Sibley, Estes Doremus, J. A. McFarland,* for plaintiff in error.
*McClure & McClure, T. G. Head,* contra.