21542.   BARRINGTON *v.* DAVIS JENKINS & SONS.

BELL, J.   1. "Recovery may be had upon evidence that the party sought to be charged was the concealed principal of a person who acted in his own name without disclosing his agency, though this fact be not alleged in the pleadings." *Akers* v. *Kirke,* 91 *Ga.* 590 (6) (18 S. E. 366).

2. "It is the right of one who deals with an agent, who fails to disclose his principal, to proceed against the principal when discovered. [Civil Code of 1910, § 3596.] This right is not dependent on the diligence of the plaintiff in discovering the fact of the concealed agency." *Baldwin* v. *Garrett,* 111 *Ga.* 876 (36 S. E. 966); *Beacham* v. *Coe-Mortimer Co.,* 30 *Ga. App.* 456 (2) (118 S. E. 441). See also *Miller* v. *Watt,* 70 *Ga.* 385.

3. Where all the consideration of a debt reaches a wife as an accession to her separate estate, and she retains and enjoys it, only slight evidence of the husband's agency in contracting the debt is required to charge her. The agent's insistence that it was his intention to buy on his own account and on his individual credit is by no means conclusive, when the use he makes of the purchase tends to negative such insistence. *Pinkston* v. *Cedar Hill Nursery Co.,* 123 *Ga.* 302, 304 (51 S. E. 387); *Home Fertilizer Co.* v. *Dickerson,* 12 *Ga. App.* 149 (76 S. E. 1040); *Herrington* v. *Garlick,* 27 *Ga. App.* 368 (108 S. E. 304); *Sheffield* v. *Sheffield,* 39 *Ga. App.* 271 (146 S. E. 655); *Hutcheson* v. *May,* 40 *Ga. App.* 746 (5) (151 S. E. 657); *Hall* v. *Collins,* 41 *Ga. App.* 748 (3) (154 S. E. 723), distinguishing *Cornelia Planing Mill Co.* v. *Wilcox,* 129 *Ga.* 522 (5) (59 S. E. 223), with which compare *Blount* v. *Dugger,* 115 *Ga.* 109 (41 S. E. 270).

4. In a suit upon an account as for goods sold and delivered, where a witness testified that the account was correct so far as he knew and the evidence further authorized the inference that the witness had knowledge of whether the account was correct or not, the jury, in the absence of any evidence to the contrary, were authorized to find in the plaintiff's favor as to the correctness of the account. *Ætna Ins. Co.* v. *Trimmier,* 42 *Ga. App.* 745 (2) (157 S. E. 340). The case of *McCoy* v. *Meador,* 140 *Ga.* 253 (78 S. E. 848), is distinguished on its facts from the case at bar.

5. The evidence authorized the verdict in favor of the plaintiff, and the court did not err in overruling the defendant's motion for a new trial, based upon the general grounds only.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 11, 1932.

*Hoyt H. Whelchel,* for plaintiff in error.
*John T. Coyle, L. L. Moore,* contra.

JENKINS, P. J.  Plaintiff purchased a filling station, with equipment, which was being operated by the defendant seller in dispensing the products of another defendant, an oil company, and which filling station was located on premises leased from a third person by the seller. He alleges that he was induced to make the purchase by false representations, knowingly made by the seller, and by the agent of the oil company, acting in the scope of his authority, that the lease contract under which the seller was in possession of the premises on which the filling station was located was subject to transfer and assignment, the seller and the agent of the oil company at the time representing that the written lease contract was in the office of the oil company in another State. The plaintiff further alleges that the lease agreement contained an express stipulation against its transfer or assignment and against subletting, and on discovering this fact he relinquished possession to the owner of the land, who refused to consent to his occupancy of the premises. The court sustained a general demurrer of the oil company, and subsequently dismissed the suit as to the other defendants, who were nonresidents of the county of the oil company's residence, in which the suit was brought. To these rulings the plaintiff excepted. *Held:*