22384. ÆTNA INSURANCE CO. *v.* TRIMMIER *et al.*

DECIDED NOVEMBER 19, 1932. REHEARING DENIED DECEMBER 6, 1932.

*Spalding, MacDougald & Sibley, J. A. McFarland, Estes Doremus,* for plaintiff in error.

*McClure & McClure, T. G. Head,* contra.

PER CURIAM. Hunt Trimmier and E. M. Combs as copartners brought an action against Ætna Insurance Company on a fire-insurance policy, to recover for the alleged total destruction by fire of a certain dwelling house. On the trial of the case the plaintiffs obtained a verdict and judgment for the principal sum of $500, with interest and costs. The exception here is to the overruling of the defendant's motion for a new trial.

As we view the case, the controlling question is whether or not the evidence sustains the following two defenses made in the defendant's plea and answer:

(1) The insurance policy contains the following provision: "This entire policy shall be void . . if a building herein described, whether for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days;" and "said described building became vacant and unoccupied, and so remained for a period of ten days," and therefore there can be no recovery.

(2) Said insurance policy contains the following stipulation: "This entire policy shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of interest being [be a?] building on ground not owned by the insured in fee simple." Plaintiffs had previously transferred the title to said property to one Turner and were not sole owners thereof, and therefore there could be no recovery on the policy.

In this same case (*Ætna Ins. Co. v. Trimmier,* 42 *Ga. App.* 745, 157 S. E. 340) this court reversed the judgment of the trial court upon the evidence. It appears from the record which we are reviewing that Trimmier testified in part as follows: "As to whether there was any one living in that house at the time of the fire, I think there was. . . I testified at the last trial that Turner was the last tenant I had on those premises, and that he moved out of there, to the best of my recollection, two or three weeks prior to the fire; but I have since had information that he was there. I have had information since that time that it was occupied by Turner at the time of the fire, or the night before, or about that time. . . I have had information to change my thought since then. I did not know then; my information was based on what I heard. I

don't know now; I did not see him move out. He did not give me any notice he had moved out."

Guy Richardson testified in part as follows: "I knew a Mr. Turner who lived on that property as the tenant of Trimmier & Combs. I knew a man who said his name was Turner. He lived in that house. I remember when this house was burned. . . Mr. Saunders, the mail carrier, came in one day and made the remark that the house burned down. I had seen that house, or had been at that house shortly before that. As to how long before that I had been there, it was a day or two before. Turner was living there at that time. . . A boy or two was there with Turner then. . . I was not in more than one room. . . He had a bed there, and bedding and sleeping accommodations there equipped so that he could sleep there. . . I was there with him. . . He was supposed to be living there; I never asked him." On cross-examination this same witness swore: "I don't know the date that fire occurred, and don't know the date that that postman mentioned it to me in passing. . . I am not positive as to how long it was from the time I had seen Turner until the time I heard there had been a fire. I have only a vague recollection that the thing happened . . over four years ago. . . I have only a vague recollection of seeing Turner out there, and a vague recollection of hearing incidentally there had been a fire. . . I can't say of my own knowledge how long it was from the time I saw Turner out there and when the fire occurred." On redirect examination Richardson testified: "I can say approximately, just a few days—just a short while—just a day or so before. It was close enough to the time I was out there to make an imprint in my mind when I heard of the fire."

The fire occurred on September 28, 1927. The gist of the testimony of Mrs. Claude Warnack, a sister of J. W. Turner, in regard to the question we are considering at this time is expressed in the following part of her testimony: "He [Turner] did not live there after June of 1927." J. W. Turner himself swore that he moved off the property in question "sometime the last of May or the first of June, 1927."

We are well aware of the rule that this court has no authority to take the determination of a question of fact from the jury where the evidence makes an issue thereon. However, as we view the

evidence in the case at bar, the defendant clearly made out its defense, and the testimony adduced by plaintiff to refute that defense entirely failed to do so. We are further satisfied that said testimony was entirely too vague and uncertain to raise any question of fact for the jury to decide. In these circumstances, we are constrained to hold that the trial judge erred in overruling the motion for a new trial.·

The above holding being controlling, we shall not go into the merits of the second defense hereinbefore set out. The gist of the special grounds, with the exception of one, is that there was no evidence to warrant the particular charge given; and that one presents a question that is not likely to recur in the event there is another trial of the case. Therefore, the special grounds will not be decided.

*Judgment reversed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*