30043.   CARTER *v.* RAY.

420

DECIDED NOVEMBER 26, 1943.   REHEARING DENIED DECEMBER 20, 1943.

*E. L. Smith,* for plaintiff in error. *J. N. Peacock Jr.,* contra.

MacIntyre, J. ■ The petitioner alleged that the instrument giving him, as a real-estate broker, an exclusive right to sell, a copy of which was attached to the petition as exhibit A, referred to the

property described therein as "My [defendant's] home at 401 North Jefferson Street," whereas the petition alleged, "The house and lot of the defendant located at 401 North Jefferson Street, in the City of Albany, Georgia." The defendant demurred to this allegation of the petition on the ground that the same was not supported by exhibit A, and was a conclusion of the pleader. It seems to us that the two allegations, the one in the "exhibit," and the other elsewhere in the petition, when taken together, merely describe the property as "my home," and more particularly describe it as a house and lot located at 401 North Jefferson Street, in the City of Albany, Georgia. There was no repugnancy in these descriptions, and it was permissible to describe the home of the defendant further and more particularly as the house and lot located at 401 North Jefferson Street, in the City of Albany, Georgia.

Another ground of the demurrer is that the description of the land in exhibit A is so vague and indefinite as to be void. "In *Andrews* v. *Murphy,* 12 *Ga.* 431, the headnote is, 'the description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes identification practicable.' In the body of the decision, Judge Nisbet says: 'The rule is laid down with sufficient clearness by Judge Marshall in the following words: 'It is undoubtedly essential to the validity of a grant that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed.'" *Jennings* v. *National Bank of Athens,* 74 *Ga.* 782, 787. "When property has a descriptive name, it may be conveyed by that name; and such description will prevail over one which is intended to be a further description, but which is uncertain and imperfect. Martin *v.* Lloyd, 94 Cal. 195 (29 Pac. 491). Extrinsic evidence is receivable to apply the description to its subject-matter. *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949). If in fact the premises described in the petition are embraced within the premises known as 'Litchfield,' parol evidence is admissible to establish the same." *Bunger* v. *Grimm,* 142 *Ga.* 448, 450 (83 S. E. 200, Ann. Cas. 1916C, 173). "An instrument dated, 'Atlanta, Ga., Sept. 15, 1876,' and in its body describing certain real estate

as 'my lot 50 front of Fortune street, running back 155 feet,' bounded north by X and south by Y, is not void for uncertainty of description, inasmuch as it may be aided by parol. Prima facie the street named will be referred to the locality named in the caption or date line of the instrument." *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786). "The descriptive words, 'my half interest in the property corner of Second and Cherry Streets, Macon, Georgia,' were capable of being applied to the subject-matter by extrinsic evidence." *Pearson* v. *Horne,* 139 *Ga.* 453, 455 (77 S. E. 387). It is said, "And where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established." *Harriss* v. *Howard,* 126 *Ga.* 325, 330 (55 S. E. 59). While the description, "my home at 401 North Jefferson Street, Albany, Georgia," furnished a poor description of the property which formed the subject-matter of the contract, it was not so vague on its face for indefiniteness as to be incapable of being applied by extrinsic evidence to the property which the signer of the agreement owned at that location. *Pearson* v. *Horne,* supra. The description standing alone, unaided by extrinsic evidence, is insufficient. But the rule applicable to this case is, "that is certain which is capable of being made certain; and the description will be sufficient if it affords means of identifying and ascertaining the land intended to be conveyed." *Johnson* v. *McKay,* 119 *Ga.* 196, 198 (45 S. E. 992, 100 Am. St. R. 166). Another ground of the demurrer is, that the petition did not allege that a tender of the proposed purchase price was made, and that it did not allege an actual offer to buy on the terms stipulated in the contract. Section 4-213 of the Code provides: "The fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." It is stated in *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (107 S. E. 398), that "The general rule, in the absence of a different agreement, is that a real-estate broker in whose hands property is placed for sale earns his commissions when, during the agency, he

finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner. If the evidence shows such facts, and the owner refuses to carry out the trade, it is not generally necessary, in order for the broker or agent to recover his commissions, that the proposed purchaser should make to the proposed vendor an actual tender of the purchase price." The plaintiff alleged that, as the broker and agent of the seller, he "received from George S. Hurst $25 as a binder on a trade for the Carter house at 401 North Jefferson Street, Albany, Georgia, at the price of $7000, as per option [contract] that I hold from Mr. R. L. Carter, dated 8/28, 1942, for a period of 30 days, of which the option [the contract giving the broker the right to sell] is exclusive; and that plaintiff promptly upon securing said George S. Hurst as a purchaser ready, willing, and able to purchase said property at the price of seven thousand dollars ($7000), notified defendant that he had secured George S. Hurst as a purchaser for said property, and that defendant refused to deed said described property to said George S. Hurst under the terms of said option." If, on demurrer, we assume, as is alleged in the petition, that the broker's contract with Carter, the owner, was to sell the entire lot, and having alleged expressly and directly that the purchaser was able, willing, and ready to buy, and then, instead of merely alleging a simple direct statement of the ultimate fact that he found a purchaser who actually offered to buy on terms stipulated by the owner, he alleged the evidentiary or preliminary facts that he had obtained a memorandum or binder to close the sale; that he notified the owner of the land that he had procured a purchaser and closed the sale upon terms stipulated by the owner; and that the owner refused to deed said property to said purchaser under the terms of said contract, it was permissible for the plaintiff to plead the evidentiary or preliminary facts that during his agency he closed the sale for his principal, the owner of the property in question, on the terms stipulated by such owner, and that the owner refused to carry out the trade. Having pleaded such facts, under the rule quoted in *Winer* v. *Flournoy Realty Co.*, supra, it was not necessary for the broker or agent, in order to recover his commissions, to allege that the proposed-purchaser made to the proposed vendor an actual tender of the purchase price. See in this connection, *Lewis* v. *Amorous*, 3 *Ga. App.* 50, 53 (59 S. E. 338) ; *Bivins*

v. *Tucker,* 41 *Ga. App.* 771, 774 (154 S. E. 820). We do not think that the petition as amended was subject to the demurrers on any of the grounds urged.

■ Ground 4 of the motion for a new trial. One issue was whether the real estate broker produced a customer willing, able, and ready to buy the real estate or home of the defendant, 401 North Jefferson Street, which was placed in the broker's hands to sell. This in turn developed an issue as to whether the property in question included the land on which was located a garage, over which was an apartment. The broker contended that the land he was authorized to sell included the garage. The defendant contended that it did not. The broker contended that he offered the property, including the garage, to Mr. Hurst for $7000, and that Mr. Hurst was willing, able, and ready to buy, and paid to the broker $25 as a binder. In order to recover, the plaintiff must prove, among other things, the fact that the proposed purchaser, Hurst, was willing and ready to buy. The testimony of Mr. Hurst to the effect that the property he intended to buy, and which he understood he was buying [that is, the property that he was willing and ready to buy], included the garage, was, under the facts of this case, an independent substantive fact, to wit, his understanding that the property he intended to buy included the garage. Each fact may be proved separately; the case can not be made out all at once. If enough is not shown the broker can not recover, but no relevant fact can be excluded, because of itself it does not prove the whole case. A man may frequently testify as to his intention, understanding, and state of mind. When otherwise relevant, the state of mind may be proved as an independent fact. "What the person himself testifies is not necessarily conclusive, because the jury is authorized to apply the homely maxim that 'actions speak louder than words,' and from one's acts they may determine that the intention was directly opposite from what he says it was. Motive [the state of one's mind] is to be determined as much by what one does as by what he says. Code, § 26-202. But while the jury is not bound to accept the statement of a witness as to what was his mental state, it was here relevant and important." *Alexander* v. *State,* 118 *Ga.* 26, 28 (44 S. E. 851). Here the testimony of the proposed purchaser, that it was his understanding that he was closing a sale for the entire lot, including the garage, was an inde-

pendent substantive fact and a circumstance which would, in the event that the jury found the broker's contract to sell embraced the entire lot, have weight with the jury in determining whether the broker produced a customer willing and ready to buy.

■ Grounds 5 and 6. The testimony of Hurst was to the effect that there were three apartments on the property at 401 North Jefferson Street; two were in the big brick house which fronts said street, and the other was over a three-compartment garage located at the back of the lot and fronting Roosevelt Avenue. He further testified as to the location of the garage building, and of the big brick house, and that there was no room or place for garages for the two apartments in the big brick house, unless two of the compartments in the garage were used; that he would have been unable to have rented the brick-house apartments without garages so that the occupants of the apartments would be able to get their cars off the street. Thus the two apartments in the brick house without the garages would not be rentable. Plaintiff's counsel asked Hurst: "Q. In other words those garages and whatever else is on top of them, if it's a forty-foot skyscraper, is what it takes to make the property?" To which question and answer elicited, the defendant's counsel objected on the ground that the same was irrelevant, immaterial, and prejudicial. Said objection was overruled and the witness answered as follows: "Well, two garages are necessary for the big house; I just thought it was an outbuilding for the house, that is what I considered it." Movant avers that the objection should have been sustained, and that it was error to allow the witness to state what he thought about the garages on the property, in that it allowed the plaintiff to introduce evidence of one who was not a party to the contract, as to his interpretation of the said agreement, and what he thought and what he considered with reference to the difference existing between the parties. The witness's answer, as to his belief that two garages were necessary for the big house, should not be stricken out because he qualified his statement of fact by such cautious expressions as "I thought," and "that's what I considered." Such expressions are not expressions of opinion merely, as witnesses are not required to give their testimony with absolute positiveness. Abbots Proof of Facts (3d ed.) 239; Prior v. Diggs (Cal.), 31 Pac. 155. It has been stated "that the general rule is, that *all* the circumstances of a transaction may be

submitted to the jury, provided they afford any fair presumption or inference as to the matter in issue. This proposition is exceedingly broad, and if carried out in good faith, would produce the most beneficial results." *Keener* v. *State,* 18 *Ga.* 194, 225 (63 Am. D. 269). The evidence here objected to stated substantive independent facts which were circumstances that tended to support the plaintiff's theory, and were admissible over the objection urged.

The plaintiff's counsel asked the witness, Hurst, the further question: "What do you say is the value of the brick house if that part of the lot on which the garage was located was cut off? Would it be worth anything like $7000?" The defendant's counsel objected on the ground that the evidence elicited was irrelevant, immaterial, and prejudicial. The witness was allowed to answer: "I would not buy it at all unless I could take care of the tenants with the garage. I would not have it. I would not buy it. He could not give it to me." Even if the value of the house, exclusive of the garage, was improperly admitted when it went to the jury, the subsequent testimony, without objection, of the defendant on cross-examination, to wit: That the value of the whole property was eight or ten thousand dollars, and that he paid $5100 for the property at 401 North Jefferson Street about twelve years ago, renders its admission proper and cures the error.

■ Ground 7. When the original contract between the broker and the defendant was tendered in evidence by the broker, it was objected to on the ground that the original contract had a caption of date line "401 N. Jefferson Street, Albany, Georgia, 8-28-42," whereas the copy of the contract attached to the petition as an exhibit had the caption "401 N. Jefferson Street." The plaintiff should have amended his petition so that the copy attached would have conformed to the original tendered in evidence, and his failure to do so, when objected to as stated above, was error; but it was not such error under the record in this case as to require a new trial. The other objections to the evidence made in this ground of the motion for a new trial, raised in other ways points which have heretofore been decided adversely to the defendant by our rulings on demurrer.

■ Ground 8. "The main issue in said case was the meaning and understanding between plaintiff and defendant of an agreement reading as follows: '401 N. Jefferson—Albany, Ga. 8-28-42

W. W. Ray, Dear Sir: I beg to list my home at 401 N. Jefferson Street with you for sale for $7000, less 5% for selling. This option is exclusive for a period of 30 days from date. R. L. Carter,' and the plaintiff introduced in evidence over the objection of the defendant a document reading as follows: 'W. W. Ray, Real Estate, 117 No. Jackson St.; Albany, Georgia, Received from Mr. Geo. S. Hurst Twenty-Five Dollars as binder on a trade for the Carter house at 401 N. Jefferson Street, Albany, Ga. at a price of $7000 as per a option that I hold from Mr. R. L. Carter dated 8/28, 1942, for a period of 30 days of which the option is exclusive. This Albany, Ga. Sept. 15th, 1942. W. W. Ray, Agt. Size of lot as per deed as shown on Deed Book 65, page 128 in Clerk's office Do. Co. Superior Court. This notation made before signing. W. W. Ray, Agt.' Defendant objected to said document upon the ground that it has no bearing on the issue in the case; that it only contained matters of dealing between the plaintiff and his customer, has no binding effect upon the defendant, and sheds no light upon the issue between the parties, and is irrelevant and immaterial. The court overruled all of said objections and allowed said document in evidence which movant avers was error." The defendant denied that the broker had secured a purchaser ready, willing, and able to buy, and the evidence objected to tended to prove that Ray had secured a purchaser ready, willing and able to buy the property. For this reason, if for no other, it was admissible.

■ Ground 9. Tax returns are not the true test of the values of the property returned. Yet the defendant testified without objection what he had paid for the property several years before, and what the property was worth at the time the broker's contract was entered into. For this reason it was permissible for the plaintiff to find out on cross-examination what value Mr. Carter actually returned his property for, and whether or not he separated the two buildings in making a tax return. It might be noted, however, that Mr. Carter never did testify what he returned his property for. This ground discloses no reversible error.

■ Ground 10. The objections urged in this ground have heretofore been decided adversely to the defendant by our rulings on demurrer in division 1 of this opinion.

■ Ground 11. This ground raises the point that even if after the owner had refused to carry out what his real-estate broker con-

tended was the trade with the broker, yet, "The moment Mr. Ray [the broker] was put on notice by Mr. Carter, or Mr. Carter's attorney, that there was a difference existing between the two as to the meaning and understanding of the 'Exhibit A,' and that Mr. Carter was willing to live up to the agreement made according to his understanding, that he was ready to execute a deed to the 401 North Jefferson property; then, the plaintiff could not treat the agreement as being a broken contract, but the obligation and duty rested upon him to make a tender, or/and to offer to perform the contract as *he,* Mr. Ray, contended the contract meant, and until he did this, he did not place himself in position to claim that he had earned his commission." Even according to this contention the defendant refused and still refuses to carry out the trade as the plaintiff understood it, and insisted upon, and in accordance with the stipulations which the jury found existed under the contract. Under the rulings in division 1 of this opinion, said ground is not meritorious.

■ Ground 12 is an amplification of the general grounds, and is not meritorious.

■ The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

### ON MOTION FOR REHEARING.

"Evidence that is relevant can not be kept from the jury by a waiver of proof on that point or admission of fact, if the party desires the testimony out." *Clayton* v. *Brown,* 30 *Ga.* 490 (2). The plaintiff, under the allegations of his petition, must show that the real-estate broker, during the agency, found a purchaser ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner [defendant]. And merely because the defendant is willing to concede that if the interpretation, construction, and meaning of the written contract declared on, as placed thereon by the plaintiff, is the correct interpretation of the contract, that then the plaintiff did find a purchaser who was ready, able, and willing to buy the property, but on the other hand denies the plaintiff's right to recover if the defendant's interpretation of the contract was correct, does not preclude the plaintiff from introducing evidence to establish one of the essential elements of his cause of action. There was no unequivocal admission or concession in the pleading that a buyer was furnished in accordance with the con-

tract. There was no reversible error in the court allowing the broker to make out his case in his own way, provided of course that was a legal way. And it was not error for the court to permit the plaintiff to introduce the purchaser as a witness, and allow him to testify as to the property he *understood* the broker offered to him, and then to testify further that he was ready, able, and willing to purchase the property that he understood was offered. He was thus testifying as to what transpired between the purchaser and the broker, which we think is permissible. He was not testifying as to what transpired between the broker and the seller. Thus we think that the purchaser was testifying to independent facts which tended to establish the second essential element of the plaintiff's case and was relevant for that purpose. If there were two legal methods of procedure by which the plaintiff could make out the case, the one the plaintiff preferred to follow, and the other the one that the defendant preferred that the plaintiff should follow; there was no error in allowing the plaintiff to elect which legal method of procedure he would adopt.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*