36153. SAYE, Administrator, *et al. v.* ATHENS LUMBER CO., INC.

Decided May 9, 1956—Rehearing denied June 29, 1956.

*Vane G. Hawkins, Rupert A. Brown,* for plaintiff in error.

*Robert G. Stephens, Jr., Stephens, Fortson, Bentley & Griffin,* contra.

NICHOLS, J.   On the first appearance of this case before this court it was held that the evidence demanded a verdict finding a lien on Mrs. Burton's property in the full amount of the claim against the contractor and that the trial court erred in overruling the plaintiff's motion for new trial.

On the second trial the defendant property owner amended her answer so as to allege as a defense that she had paid the full contract price to the now deceased contractor, that he had applied this money to outstanding claims by laborers and materialmen, and that therefore she was not liable to the plaintiff in any amount whatever.   This defense is permitted under the Act of 1941 (Ga. L. 1941, p. 345; Code, Ann. Supp., § 67-2002).

The evidence, except that presented in an effort to support the amendment to the defendant property owner's answer, was substantially the same on the second trial as it was on the first trial. Therefore, if the defendant property owner's amended answer was not supported by the evidence presented on the second trial, then it is the law of the case that the verdict of the jury was demanded.

The only evidence offered in support of the defendant property owner's amended answer was the following statement made by the administrator of the contractor's estate when asked what the contractor did with the money paid to him under the contract: "He paid his material bill, his labor bill, and anything pertaining to the job, as far as I knew."

There can be no question that if the phrase "as far as I knew" had not been added to this answer then the defendant property owner's plea that the contractor had used the money paid to him to apply on outstanding claims by laborers and materialmen would have been supported by some evidence, however, since this phrase was added to his answer an analysis of this statement must be made in order to determine what facts this witness testified to.

The phrase "as far as I knew" as used by this witness was an apparent attempt to qualify his answer so as to compensate for a lack of knowledge on his part as to what disposition was made of

the money allegedly paid to the deceased contractor. Had this witness *known* that the money was used to pay laborers and materialmen then he would not have had to qualify his answer, and on the other hand if this witness had *known* that this money had been used for some other purpose then he could not have answered that the money was used to pay laborers and materialmen as far as he knew. Therefore, the answer of this witness shows a complete lack of knowledge on his part as to what disposition was made of any money paid to the deceased contractor and could not under any circumstances support the plea that the money was used to pay laborers and materialmen. Since this plea was not supported by the evidence it is the law of the case that the evidence demanded a finding that the property of the defendant property owner was subject to the materialman's lien, and the other questions presented by the motion for new trial need not be considered. The trial court did not err in overruling the defendants' motion for new trial.

*Judgment affirmed. Felton, C. J., concurs. Quillian, J., concurs specially.*

ON MOTION FOR REHEARING.

The plaintiffs in error contend in their motion for rehearing that the language "as far as I knew" when added to the answer given by the administrator and discussed in the body of this opinion should not be taken as qualifying his answer. In support of their contention they cite the following cases where this language or other similar language was used by a witness and it was not construed as qualifying or discrediting the answer so given. *Barrington* v. *Davis Jenkins & Sons*, 44 *Ga. App.* 682 (4) (162 S. E. 642); *Aetna Insurance Co.* v. *Trimmier*, 42 *Ga. App.* 745 (2) (157 S. E. 340); *Carter* v. *Ray*, 70 *Ga. App.* 419 (5) (28 S. E. 2d 361); *Turner* v. *Hardy*, 198 *Ga.* 626, 642 (32 S. E. 2d 483); *Saliba* v. *Saliba*, 202 *Ga.* 791, 806 (44 S. E. 2d 744).

In *Barrington* v. *Davis Jenkins & Sons*, supra, the witness stated that the account being sued on was correct as far as he knew. The witness testifying was the husband of the defendant. He had ordered all the items making up the account sued on, and had made all the payments made on the account. It must certainly be inferred that this witness had a knowledge of whether the account was correct or not. In *Aetna Insurance Co.* v.

*Trimmier*, supra, the plaintiff testified that to the best of his recollection a tenant of his moved from his house two or three weeks before a fire occurred. This would certainly imply that he had some knowledge of when the tenant moved inasmuch as he was the landlord. In *Carter* v. *Ray*, supra, a witness while testifying with respect to a certain described piece of property testified that he thought a certain building located thereon was just an outbuilding on the property, that that was what he considered it. Again in this case it was shown that the witness had a knowledge of what he testified about. In *Turner* v. *Hardy*, supra, the Supreme Court said, "Where a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." In *Saliba* v. *Saliba*, supra, it was said, "Moreover, a witness can never testify truthfully as to any past transaction with which he was connected, *except from his recollection.*" Therefore, it must follow that before a witness can testify as to his best recollection or as far as he knows there must be shown that he was connected with the transaction about which he purports to testify. In the present case the witness was the administrator of his deceased brother's estate, this alone would not show that he had had any opportunity of knowing what his brother did with any particular money paid to him while he was alive. The witness testified that he was not a partner in his brother's business, that he worked as foreman on the contract in question, laid out the work, attempted to keep an accurate record of the material sent to the job, worked as a carpenter, and on one occasion he was with his brother when he met with the property owner and her husband and they discussed the amount that had been paid to the contractor. Although this testimony would show that the witness was connected with the transaction insofar as knowing about the materials received on the job, the amount of money the contractor had received under the contract, and as to the quality or quantity of the work done under the contract, it would not support an inference that he had any knowledge of what disposition his brother made of the money paid to him under the contract. Therefore, where as here, the witness testified as to his connection with the transaction, and his connection was limited to other phases of the transaction, and his

answer is qualified as it was here, it cannot be said that he was testifying from his recollection, and it must be assumed that he was testfying from his lack of recollection.

It follows from the above that the judgment of affirmance heretofore rendered was correct.

QUILLIAN, J., concurring specially. The most troubling question in this case is whether the plaintiff's proof showed delivery to the contractor of the materials the plaintiff alleged were used in the improvement of the owner defendant's property. The evidence in my opinion on this phase of the case was materially different on the trial of the case we now review from that held to be sufficient on a previous appearance of the case in this court. Then there was direct testimony of one Mr. Bondurant that the materials were delivered. His testimony is not contained in the brief of evidence on the latter trial. However, we find in the brief of evidence, included in the documentary evidence submitted by the plaintiff, the following:

"Plaintiff's Exhibit No. 1. Contract between Athens Lumber Company, Inc., and R. M. Saye, dated June 25, 1948, by the terms of which the lumber company agreed to sell certain building materials at and for the sum of $2,464.35, the materials to be delivered at the job site on the Winterville Road near Winterville, Ga., the premises of the defendant, Mrs. Sarah Irene Burton, the contract being signed by Athens Lumber Company, Inc., and R. M. Saye, contractor.

"Plaintiff's Exhibit No. 2 consisting of delivery tickets from Athens Lumber Company, Inc., to the Burton job showing delivery of materials contracted to be sold to R. M. Saye by Athens Lumber Company, Inc. They bear various dates all subsequent to the execution to the contract referred to as Plaintiff's Exhibit No. 1."

There was no proof of the correctness of the delivery slips, but under Code § 38-711 they were evidence of the facts they purported to show without having their accuracy verified by the testimony of any witness or witnesses who either delivered the items referred to in the slips or who made the slips or kept the record of them.